FERDINAND SCHOENFELDT V. THE STATE.

*No. 3259.    Decided February 13.*

1. **Appointment of Stenographer to Take Evidence.**—In our Code of Criminal Procedure there are no provisions similar to articles 1295 and 1296 of the Revised Statutes in regard to the employment of a stenographer to take down the testimony in the case; and even as to the civil statutes, while it has been held that if such person could be readily obtained it was the duty of the court to appoint him, and the refusal would be error, it was further held that such error would not be reversible error unless it was made to appear that by reason thereof the party complaining has probably been injured; and where there is contained in the transcript what purports to be and doubtless is a full statement of all the facts in the case, *held*, that it can not be seen how the defendant could have possibly been injured by the failure of the court to appoint a stenographer, even had the court been required to do so.

2. **Bill of Exceptions too Indefinite, when.**—Where a bill of exceptions does not show the object and purpose for which testimony was sought, nor its proposed pertinency to any issue in the case, and if the objection be to a question asked the witness, if the bill does not disclose what the answer of such witness would have been to the question, *held*, that such bill is too indefinite for consideration on appeal.

3. **Incest — Consent of Female to.** — The question of consent or nonconsent of the female does not necessarily enter into the composition of the offense of incest. A prosecution can be maintained upon proof that either establishes her consent or nonconsent to the carnal intercourse.

4. **Same—Prosecutrix Particeps Criminis, when.**—If the prosecutrix consents to the incestuous intercourse, then she is *particeps criminis*, and her testimony the same as that of an accomplice, which, uncorroborated, would be insufficient to support a conviction. And where the charge of the court in effect so instructed the jury, *held*, that such charge was not upon the weight of evidence.

5. **Same — Charge of Court — Case Distinguished.**—See the opinion for a distinction drawn between the charge of the court in regard to the matter above mentioned and a charge held fatally defective because directly upon the weight of evidence, in the case of Tipton v. The State, *ante*, p. 530.

6. **Incest—Marriage of Mother of Prosecutrix with Defendant.**—Where on a trial for incest the defendant asked a special instruction to the effect that if the evidence showed the mother of prosecutrix to have been married three times, and that defendant was the last husband, then the State must prove beyond a reasonable doubt that the first and second marriages were legally dissolved, or the defendant would be entitled to an acquittal, *held*, the instruction was properly refused, the evidence being undisputed that the prior husbands were both dead.

7. **Prosecutrix—Accomplice—Corroboration.**—If it be conceded that the prosecutrix was an accomplice, then her testimony is sufficiently corroborated by the fact that as soon as the child was born defendant separated from his wife and family on account of that fact, and the further fact, that when his wife's relatives sought him for the purpose of demanding an explanation of his conduct, he admitted his guilt.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

Appellant was convicted in the court below for incest with his stepdaughter, and his punishment assessed at seven years in the penitentiary. A detailed statement of the facts would be unnecessary to further elucidate the rulings stated in the opinion.

*Gustave Cook* and *Henry F. Fisher*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This was a prosecution for incest, in which it was alleged in the indictment that the defendant had had carnal intercourse with Lena Schauer, his stepdaughter.

The first matter complained of is, that the court refused to appoint a stenographer to take down the evidence. Counsel for defendant stated that there was a competent stenographer in court, ready to serve, and that the defendant would pay his fees. Our Revised Statutes, articles 1295, 1296, provide for the employment of a stenographer in civil cases upon the application of either party, and the manner of payment of his fees for such services. There is no similar statute in our Code of Criminal Procedure which makes it the duty of the court to appoint such

stenographer in criminal cases; and even as to the civil statute, while it has been held, that if such person could be readily obtained it was the duty of the court to appoint him, and the refusal would be error, it was further held, that such error would not be reversible unless it was made to appear that by reason thereof the party complaining has probably been injured. 3 Ct. App. C. C., sec. 99. In addition to the fact that the court in this instance was not required by any statute to appoint a stenographer at the request of either party, the record fails to show that the defendant has been in any manner injured, for there is contained in the transcript what purports to be, and doubtless is, a full statement of all the facts in this case.

The first section of defendant's bill of exceptions shows that appellant's counsel asked the witness Lena Schauer the following question, to-wit: "Is your mother not now suing the defendant for a divorce, and claiming all the property?" To which question the district attorney objected, upon the ground that it was irrelevant and inadmissible, and the court sustained the objection. This is all the bill of exceptions discloses. It does not show the object and purpose for which the testimony was sought, nor how it was proposed to make same pertinent to any issue in the case, nor does the bill disclose what the witness would have answered in reply to such question as set forth in the bill of exceptions. This being the status of the bill, it is too indefinite for consideration on this appeal. May v. The State, 25 Texas Ct. App., 114, and authorities cited; Walker v. The State, 28 Texas Ct. App., 503, and authorities cited; Graham v. The State, 28 Texas Ct. App., 582.

The second bill of exceptions shows that defendant propounded an interrogatory to the prosecutrix, Lena Schauer, on cross-examination, as to whether or not, prior to the time alleged in the indictment, she had ever had carnal connection with any other man than the defendant. This bill of exceptions is subject to the same defects as shown in the first bill above discussed, and for the same reasons it can not be considered by the court on appeal. See same authorities.

Defendant's third bill of exceptions was to the refusal of the court to permit the prosecutrix to answer the following questions, propounded to her on cross-examination, to-wit: "Did you not have carnal intercourse with Barnard Schauer, within 300 or 500 yards of your mother's house, in the thicket; and did you not, when discovered by Ed. Shields, beg him not to tell, and offer to gratify him at the time in the same way?" To this question the district attorney objected, because it was irrelevant, and not admissible. The court then inquired of defendant's counsel what was the object and purpose of the inquiry, to which said counsel responded as follows: "As a circumstance tending to show consent to the alleged offense, and as tending to show that she was *particeps criminis* in the alleged offense, and to show that she was probably actuated by the same motive as the defendant in the commission of the

alleged offense." To this the district attorney objected, that it was not competent or admissible for that purpose, which objection was sustained, and the witness was not permitted to answer, to which ruling of the court the defendant then and there excepted. It is not shown by this bill of exceptions what the answer of the prosecutrix would have been, and to that extent the bill of exceptions is defective. See authorities above cited; Willson's Crim. Stats., secs. 2368, 2516. But even suppose the bill had been perfect, such evidence could have thrown no light upon the transaction as to the reasons stated, because the question of the consent of the female does not necessarily enter into the composition of the offense of incest. A prosecution can be maintained upon proof that either establishes her consent or nonconsent to the carnal intercourse. Mercer v. The State, 17 Texas Ct. App., 452. If the prosecutrix consented to the incestuous intercourse, then she was *particeps criminis*, and her testimony was the same as that of an accomplice, and, uncorroborated, would be insufficient to support a conviction of the accused (Id.; Jones v. The State, 23 Texas Ct. App., 501), and the court so charged the jury in this case. That portion of the charge of the court is in the following language: "If the jury should find from the evidence that the witness Lena Schauer, with whom the incestuous intercourse is alleged to have been had, did voluntarily, and with the same intent which actuated the defendant, unite with him in the alleged commission of the offense alleged, then in that event she would be an accomplice, and her testimony would not be sufficient to warrant a conviction, unless she be corroborated by other credible testimony tending to connect the defendant with the commission of the alleged offense." Appellant excepted to this charge of the court. Defendant's counsel claims this instruction is fundamentally erroneous, the same being on the weight of evidence. We are of opinion that the objection is not well taken. This charge is substantially in conformity with approved precedents, and is a correct enunciation of the law. Willson's Crim. Forms, No. 714a; Willson's Crim. Proc., sec. 2455.

Defendant's counsel have cited the case of Tipton v. The State, *ante*, p. 530, as a case directly in point. The instruction in the latter case is not similar to the one above quoted, and that instruction was held to be upon the weight of evidence, because it in effect instructed the jury that if the prosecutrix was not an accomplice a conviction might stand upon her evidence without corroboration, which was a charge directly upon the weight of evidence.

Defendant's fifth assignment of error complains of the refusal of the court to give in charge to the jury defendant's special instruction number 1, as follows: "If the evidence shows the mother of Lena Schauer to have been married three times, and that the defendant is the last husband, then the State must show by evidence to the satisfac-

tion of the jury, beyond a reasonable doubt, that the first and second marriages were legally dissolved, or the defendant is entitled to a verdict of not guilty." It is shown by the testimony that the mother of the prosecutrix had been three times married; first to one Deitrich, second to one Schauer (father of the prosecutrix), and third to the defendant. Charles Schauer, a witness for the State, testified: "I know Mrs. Caroline Schauer, now Mrs. Caroline Schoenfeldt. She was a widow when my brother married her. He is dead. She is his widow, and was his widow when she married Schoenfeldt. She had a child by him, Lena Schauer." There being no issue raised by the evidence as to the death of the previous husbands and the dissolution of her former marriages in consequence thereof, it was not error to refuse the special requested instruction. The evidence shows that the prior husbands were both dead.

Finally, it is insisted on behalf of the appellant, that the testimony establishes beyond controversy the fact that the prosecutrix was an accomplice and *particeps criminis* in the crime, and that her testimony has not been corroborated by any other testimony in the case. In this we can not concur with counsel for appellant. If it be conceded that the prosecutrix was an accomplice, then she is, we think, sufficiently corroborated by the fact that as soon as the child was born the defendant separated from his wife and family on account of that fact and went off to a distant relative's to live, and the further fact that when his wife's relatives sought him for the purpose of demanding an explanation of his conduct, he admitted his guilt.

Having found no reversible error in the judgment, it is affirmed.

*Affirmed.*

Judges all present and concurring.