# Dixon *v.* The State.

## *Incest.*

(Decided June 30, 1906.   41 So. Rep. 734.)

1. *Incest; Indictment.*—An indictment charging that, D. a man, being the father of C. D., a girl, and within the (prohibited) degree of consanguinity, etc., did have sexual intercourse with said C. D., was not subject to demurrer for failing to charge that C. D. was a woman; that is, a female at the age of puberty; charging, as it does, that she was a girl is sufficient.
2. *Same; Elements.*—The crime of incest may be committed, so far as the man is concerned, with a female not arrived at the age of puberty.

APPEAL from Conecuh Circuit Court.
Heard before HON. J. C. RICHARDSON.

[Dixon v. The State.]

John Dixon was convicted of incest, and appeals. The facts sufficiently appear in the opinion.

E. E. NEWTON, for appellant.—The indictment is not sufficient. A girl is not a woman. A woman is a female past age of puberty.—Words & Phrases, Vol. 8, p. 7513; *Blackburn v. State*, 28 Ohio St. 110.

Incest is of purely statutory origin.—10 A. & E. Ency. Law, p. 335. The words of the statute must be strictly followed therefore, in an indictment charging this offense.—*Sparrenburger v. State*, 53 Ala. 481.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

HARALSON, J.—The statute against incest is: "If any man and woman" (within the prohibited degrees), have sexual intercourse together, etc., they must on conviction be punished as herein prescribed.—Code 1896, § 4889. The indictment charges that "John Dixon, a man, being the father of Callie Dixon, a girl, and within the (prohibited) degree of consanguinity, etc., did have sexual intercourse with the said Callie Dixon," etc. There was a demurrer to the indictment in substance that it does not charge that the defendant had sexual intercourse with a woman; did not aver that Callie Dixon was a woman, nor did it state her age, wether under or over ten years, etc.

The contention of the defendant is, that the indictment is defective in the use of the word "girl," instead of the word "woman;" that the term "woman", is a female who has passed the age of puberty, while a girl may not have passed that age.

This distinction is without force, unless the crime of incest cannot be committed with a female who has not passed the age of puberty. We apprehend that the offense may be committed, at least by the man, on a female within the prohibited degree, without respect to her age.

An indictment alleged: "Walter Butler did assault Delia McCall, a woman, with the intent forcibly to rav-

ish her." The proof showed, that Delia McCall was a girl, eleven years of age. The defendant was convicted and this court held, that there was no variance for that, between the allegations and proof. The defendant asked the charge: "Unless the jury believe from the evidence that Delia McCall had reached the age of puberty there can be no conviction in this case," which charge was refused, and as held by us, properly so.—*Butler v. State*, 120 Ala. 668, 25 South. 1024.

In *King v. State*, 120 Ala. 332, 25 South. 178, the indictment was in Code form, except in the substitution of the words "a girl under the age of ten years" for the word "woman," used in form 12 charging an assault on a woman with intent forcibly to ravish her, and it was held, that it sufficiently charged an offense under section 4346 of the Code of 1896, making it an offense to commit "an assault on another," with intent to ravish. The distinction attempted to be drawn is too technical to be meritorious.

No other error is raised and insisted on in the record. The demurrer was properly overruled.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.