LEWIS MCCASKILL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Incest is sexual intercourse between persons so nearly related to each other that marriage between them would be unlawful. At common law, incest was not an indictable offense, but was punishable in the ecclesiastical courts of England.

2. An indictment is not fatally defective, which charges that the accused did commit the crime of incest by committing the crime of adultery *and* fornication in having sexual intercourse with his daughter. The allegation that the accused committed the crime of adultery and fornication is a mere conclusion and surplusage not affecting the sufficiency of the allegations of the single offense of incest.

3. The statute defining the crime of incest does not make the knowledge by the accused of the relationship between him and the woman an element of the offense of incest, therefore it is not necessary for the indictment to allege such knowledge by the defendant.

4. Where an indictment alleges that the offense charged was against the form of the statute, it is not essential to allege that the acts charged were unlawful or unlawfully done where that is not an element of the offense as defined by the statute. If the act charged be illegal, it would be superfluous to allege it to be unlawful; if the act charged is not unlawful, or was not unlawfully done, an allegation that is unlawful or was unlawfully done, does not render it indictable.

5. At common law indictments for felonies should allege the acts

constituting the crime to have been feloniously done, but in consequence of the constitutional and statutory provisions of this State, the failure to allege that the criminal acts charged were feloniously done, does not affect the validity or sufficiency of the indictment when not required by the statute defining the offense.

6. In the crime of incest there may be certain force or power exerted, resulting from age, relationship or circumstances of the parties, which overcomes the objections of the female, without amounting to that violence which would constitute rape.

7. The fact that a defendant in having carnal intercourse with his twelve-year-old-daughter, used some force or threats to overcome the resistance actually made by her, does not render the act the less incestuous. In a prosecution for incest, rather than for rape, evidence that some force was used by the defendant in accomplishing his purpose, is admissible.

8. Neither the statute nor the true meaning of the terms used in defining the offense of incest imply that a mutuality of consent is necessary to constitute the crime of incest.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—An indictment was presented in the circuit court for Walton county in which it is charged that Lewis McCaskill did "commit the crime of adultery and fornication with one Nellie McCaskill, a female per-

son, by then and there having sexual intercourse with the said Nellie McCaskill; * * * that the said Nellie McCaskill was then and there the own daughter of the said Lewis McCaskill and that the said Lewis McCaskill was then and there the own father of the said Nellie McCaskill; * * * that the said Lewis McCaskill did then and there in the manner aforesaid commit the crime of incest against the form of the statute," etc. The defendant moved to quash the indictment upon the grounds that (1) it charges no offense against the laws of the state; (2) it does not allege that defendant did knowingly commit adultery and fornication with his daughter; (3) it seeks to charge the defendant with two offenses in the same count of the indictment. The motion was denied. Upon arraignment the defendant pleaded not guilty. A verdict of guilty as charged was returned and a motion for new trial having been denied, the defendant was sentenced to five years in the penitentiary, and took writ of error.

The first error assigned is overruling the motion to quash the indictment. It is contended that no offense under the laws of the state is charged because (1) it is not alleged that the defendant knowingly committed adultery or fornication with his daughter; (2) the act is not alleged to have been feloniously or unlawfully done; (3) two offenses are alleged in the same indictment.

Incest is sexual intercourse between persons so nearly related to each other that marriage between them would be unlawful. 22 Cyc. 44; Standard Dictionary, Incest; 16 Am. & Eng. Ency. Law (2nd ed.) 134; Taylor v. State, 110 Ga. 150, text 152, 35 S. E. Rep. 161; State v. Glindemann, 34 Wash. 221, text 223, 75 Pac. Rep. 800, S. C. 101 Am. St. Rep. 1001; 4 Words & Phrases, 3491.

At common law incest was not an indictable offense,

but was punishable in the ecclesiastical courts of England. 4 Blackstone's Com. 64; 22 Cyc. 44; Bishop's Stat. Crimes, (3rd ed.) § 728; 10 Ency. Pl. & Pr. 334; State v. Keesler, 78 N. C. 469; Tuberville v. State, 4 Texas 128, text 136.

The statutes of this state provide that: "Persons within the degrees of consanguinity within which marriages are prohibited or declared by law to be incestuous and void who intermarry or commit adultery or fornication with each other, shall be punished by imprisonment in the state prison not exceeding twenty years, or in the county jail not exceeding one year." "A man may not marry any woman to whom he is related by lineal consanguinity, nor his sister, nor his aunt, nor his niece. A woman may not marry any man to whom she is related by lineal consanguinity, nor her brother, nor her uncle, nor her nephew." Sections 2601 and 2602 Rev. Stats. of 1892, sections 3524 and 3525 Gen. Stats, of 1906.

The charge that the defendant did commit the crime of adultery *and* fornication is controlled by the latter part of the same sentence which states that the alleged crime of adultery *and* fornication was committed by then and there having sexual intercourse with the mentioned female alleged to be the daughter of the defendant. Whether the specific act charged is adultery or fornication or both is a conclusion of law that need not be alleged; therefore the allegation that the crime of adultery and fornication had been committed may be regarded as surplusage not affecting the sufficiency of the facts alleged to charge the single offence of incest denounced by the statute.

The statute does not make the knowledge by the defendant of the relationship between him and the woman an element of the offense, therefore it is not necessary for the indictment to allege such knowledge

by the defendant.  State v. Pennington, 41 W. Va. 599,
23 S. E. Rep. 918; State v. Dana, 59 Vt. 614, 10 Atl.
Rep. 727; State v. Bullinger, 54 Mo. 142; Simon v.
State, 31 Tex. Cr. Rep. 186, text 203, 20 S. W. Rep.
399; 716; State v. Wyman, 59 Vt. 527.

The indictment alleges that the offense charged was
against the form of the statute and it is not essential to
allege that the acts charged were unlawful or unlawfully
done since that is not an element of the offense as defined
by the statute.  If the act charged be illegal it would be
superfluous to allege it to be unlawful; if the act charged
is not unlawful, or was not unlawfully done, an allega-
tion that• it is unlawful or was unlawfully done does
not render it indictable.  Wharton's Cr. Pl. & Pr., §
269; State v. Tibbetts, 86 Me. 189, 29 Atl. Rep. 979;
State v. Murphy, 43 Ark. 178; United States v. Thomp-
son, 6 McLean 56; Nash v. State, 2 Greene (Iowa)
286; 22 Cyc. 332; 10 Ency. Pl. & Pr., 495.

At common law indictments for felonies should al-
lege the acts constituting the crime to have been felon-
iously committed.  Wharton's Cr. Pl. & Pr., § 260.

Section 25 of article 16 of the constitution of this
state provides that: "The term felony, whenever it may
occur in this constitution or in the laws of the state,
shall be construed to mean any criminal offense punish-
able with death or imprisonment in the state peniten-
tiary."  Section 2352 revised statutes of 1892, section
3176 Gen. Stats. of 1906, provides that: "Any crime
punishable by death, or imprisonment in the state prison,
is a felony, and no other crime be so considered.  Every
other offense is a misdemeanor."  Section 2894 Rev.
Stats. of 1892, section 2894 Gen. Stats. of 1906, provides
that: "It shall not be necessary to allege in an indictment
that the offense charged is a felony, or felonious, or
done feloniously, nor shall any indictment or complaint
be quashed or deemed invalid by reason of the omission

of the words 'felony,' 'felonious' or 'feloniously.' " In consequence of these constitutional and statutory provisions the failure to allege that the acts charged against the defendant were feloniously committed when that is not a part of the statutory definition of the offense does not affect the validity or sufficiency of the indictment. The punishment fixed by the statute determines whether the offense charged is or is not a felony. Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220.

The indictment in this case alleges the essential elements of the offense as defined by the statute with sufficient amplification to acquaint the defendant with the nature and cause of the accusation against him, (Section 11 Bill of Rights), and so plainly that the nature of the offense charged may be easily understood by the jury, (Section 2892 Rev. Stats. of 1892, section 3961 General Statutes of 1906), and the indictment is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. Section 2893 Rev. Stats. of 1892, section 3962 General Statutes of 1906; Brown v. State, 42 Fla. 184, 27 South. Rep. 869. The motion to quash the indictment was properly overruled.

In the crime of incest there may be a certain force or power exerted, resulting from the age, relationship or circumstances of the parties, which overcomes the objections of the female, without amounting to that violence which would constitute rape. Raiford v. State, 68 Ga. 672; Mercer v. State, 17 Tex. App. 452.

The fact that the defendant who had carnal intercourse with his daughter used some force to overcome the resistance actually made by her does not render the act the less incestuous. If the prosecuting authority elects to indict for incest rather than for rape, evidence

that some force was used by the defendant in accomplishing his purpose is admissible.    People v. Kaiser, 119 Cal. 456, 51 Pac. Rep. 702; Smith v. State, 108 Ala. 1, 19 South. Rep. 306, S. C. 54 Am. St. Rep. 140; Whidby v. State, 121 Ga. 588, 49 S. E. Rep. 811; Porath v. State, 90 Wis. 527, 63 N..W. Rep. 1061; State v. Chambers, 87 Iowa 1, 53 N. W. Rep. 1090, S. C. 43 Am. St. Rep. 349.

The prosecuting witness, less than twelve years old, testified that her father sent the other children away and "put a pillow down on the floor and told me if I did not * * * he would cut my throat.    * * * I let him because I was afraid of him."    The "defendant objected to the testimony as to force and moved the court to strike same because it is irrelevant and immaterial."    Assuming that the testimony above quoted showed some force, when the age, relationship and circumstances of the parties are considered, it cannot be said that such testimony is wholly irrelevant and immaterial in a prosecution of the father for incest.    There was testimony of other acts accomplished by little or no force.

Charges given by the court are claimed to be erroneous because they did not state that the consent of the female is essential to the crime of incest under the statute.    This point has received careful consideration and the conclusion is that neither the language of the statute, nor the true meaning of the terms used, imply that a mutuality of consent is necessary to constitute the crime of incest.    People v. Barnes, 2 Idaho 148, text 161, 9 Pac. Rep. 532; Mercer v. State, 17 Tex. App. 452.

Section 1 of the general statutes of 1906, provides that:    "Words importing the plural number may be applied to one person or thing."    The purpose of the statute is to prohibit sexual intercourse between "persons within the degrees of consanguinity within which marriages are prohibited or declared by law to be incestuous

and void." If it be true that both parties must be guilty or neither can be, then if the female be under the age of consent or an imbecile, the crime cannot be incest. Every person should answer for the consequences of his own act without reference to the mental condition or the conduct of another. The use of the words "with each other" in the statute do not necessarily imply that both parties must be guilty. State v. Nugent, 20 Wash. 522, 56 Pac. Rep. 25. S. C. 72 Am. St. Rep. 133; Whittaker v. Commonwealth, 95 Ky. 632, 27 S. W. Rep. 83; David v. People, 204 Ill. 479, 68 N. E. Rep. 540; Schoenfeldt v. State, 30 Tex. App. 695, 18 S. W. Rep. 640; 22 Cyc. 48; 16 Am. & Eng. Ency. Law, (2nd ed.) 135; State v. Freddy, 117 La. 121, 41 South. Rep. 436; Dixon v. State, 147 Ala. 91, 41 South. Rep. 734; State v. Learned, 73. Kas. 85 Pac. Rep. 293; State v. Winslow, 30 Utah 403, 85 Pac. Rep. 433; 8 Current Law 167.

Under the statute of this state denouncing incest a father charged with carnal intercourse with his twelve year old daughter cannot claim exemption from punishment upon the ground that the daughter did not consent to the criminal act, particularly when there is testimony that she was afraid of him because of his threats to her and really made little or no resistance to him.

The conviction is based on the testimony of the daughter with some corroboration. The evidence is not as convincing as it might be, but in cases of this character positive testimony of third persons is not generally obtainable, and as the verdict has evidence to support it and has been affirmed by the trial court it will not be disturbed here.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.