(109 So. 371)

### ALMON v. STATE. (5 Div. 605.)

(Court of Appeals of Alabama. June 1, 1926. Rehearing Granted June 29, 1926.)

1. Indictment and information ⬤⟶19.

Indictment for rape of "girl," rather than "woman," *held* not defective, notwithstanding Criminal Code 1923, § 4556, form 88.

2. Witnesses ⬤⟶230—In prosecution for rape, appointment of prosecutrix's mother as interpreter held not improper.

In prosecution for rape, where prosecuting witness was so tongue-tied that she could not be understood except by persons familiar with her, appointment of her mother as interpreter was not improper.

3. Criminal law ⬤⟶1170(1).

In prosecution for rape, exclusion of question as to how many children defendant had, *held* not prejudicial.

#### On Rehearing.

4. Rape ⬤⟶51(4).

Evidence of force, actual or constructive, *held* insufficient to sustain conviction for rape.

5. Rape ⬤⟶6.

Force, actual or constructive, is essential element of "rape."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rape.]

Appeal from Circuit Court, Randolph County; N. D. Denson, Judge.

William Almon was convicted of rape, and he appeals. Reversed, and remanded on rehearing.

Hooton & Hooton, of Roanoke, for appellant.

Counsel argue the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The trial court properly appointed an interpreter for the prosecutrix. Code 1923, § 7724; 40 Cyc. 2414; B. R., L. & P. Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 Ann. Cas. 557; Barber, etc., Co. v. Odasz, 85 F. 754, 29 C. C. A. 631. How many children defendant had was irrelevant. Russell v. State, 20 Ala. App. 68, 101 So. 71. The evidence was in dispute; the affirmative charge was correctly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726.

BRICKEN, P. J. Omitting the formal part, the indictment against this appellant charged that "William Almon forcibly ravished Irma Moore, a girl." The defendant demurred to the indictment upon the grounds: "Said indictment fails to allege that person ravished was a woman."

[1] It is here insisted that the demurrer should have been sustained as the indictment does not conform substantially with the form 88, Criminal Code, § 4556, and a girl without any age proven or alleged is not a woman. We construe this insistence to mean that the indictment is defective in the use of the word "girl," instead of the word "woman." This insistence is wholly without merit. This identical question has been decided in the cases of Dixon v. State, 147 Ala. 91, 41 So. 734, 119 Am. St. Rep. 57, 10 Ann. Cas. 957; Butler v. State, 120 Ala. 668, 25 So. 1024; King v. State, 120 Ala. 332, 25 So. 178.

[2] It appears from the record that after arraignment, and defendant's plea, but before entering upon the trial, it was made known to the court that the alleged injured party, Irma Moore, was afflicted with a physical infirmity necessitating an interpreter to properly interpret and translate her testimony; the infirmity being that she was tongue-tied and as a result thereof her speech and utterances were so impaired and obstructed she could not be understood by any one not familiar with her. Over the objection and exception of defendant the court administered an oath to Mrs. Berta Moore, the mother of Irma Moore, to truly and correctly interpret and state to the jury and court what Miss Irma Moore testifies. The objections of appellant were based "(1) to Mrs. Moore, as mother of witness, relating by her mouth this testimony; (2) on the grounds that it is not shown that the witness speaks any foreign language." After further investigation by the court, defendant's objections were overruled, and, as stated, defendant excepted.

There was no controversy relative to the alleged physical infirmity of Irma Moore; and it was made to appear, without conflict, that, because of such affliction, she could not be understood by any one not familiar with her manner of speech. She was, of course, the principal witness for the state, and, be-

----

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cause of the nature of the accusation, the state's case, of necessity, rested upon her testimony. Therefore the court properly provided the only means by which this cause could be heard and determined.

In the case of Terry v. State, 105 So. 387,[1] this court dealt with the question of the power of the court to provide an interpreter where one is needed, and decided that it was the imperative duty of the court so to do. Of course, the law contemplates that a fair, impartial, and correct interpretation shall be had, and to this end, a disinterested interpreter should be provided if possible to be secured. Here, the mother of the witness, who was also the alleged injured party, was used as an interpreter. The objection to the mother being used as such was made. But no further objection was interposed as to her manner of interpretation, and no ruling of the court was invoked in this connection; in other words, there was no insistence that the mother did not properly, truly, and correctly translate and give to the court and jury the testimony as given by her daughter on the trial of this case. We must therefore assume that no prejudice resulted to defendant in this connection and we hold that the insistence here made cannot be sustained.

The principal point of decision here presented is the sufficiency of the evidence to sustain the charge of rape. The manifest importance of this case to appellant (who was given a sentence of 15 years' imprisonment in the penitentiary) and to the state impelled this court, as a whole, to read this record in its entirety and to consider, en banc, this question. Having carefully done so, we are forced to the conclusion that a jury question was presented and we must sustain the fair and learned trial judge who so held.

There was evidence tending to show the flight of this defendant shortly after the alleged commission of the offense and that he was apprehended in another state. There was also evidence by defendant tending to explain his alleged flight. These were jury questions.

[3] Upon the examination of the defendant, who testified as a witness in his own behalf, he was asked, upon his direct examination: "How many children have you?" The court sustained the state's objection and defendant excepts. We do not regard this inquiry as being material, especially in the light of the fact that during the progress of the trial it was developed by the testimony of several witnesses that there were several of defendant's children, and four or five of them testified upon the trial of this case.

The record proper is without error. We discover no error in any of the rulings of the court, and must therefore affirm the judgment of conviction appealed from.

Affirmed.

[1] Ante, p. 100.

## On Rehearing.

[4] As stated in the original opinion, this court, as a whole, read this record in its entirety, and, en banc, considered each of the points of decision involved. We regarded then, as now, that the principal question was the sufficiency of the evidence to sustain the charge of rape. On this rehearing, after a due and careful further consideration, we have decided we were in error in holding that the evidence adduced upon the trial against this appellant was sufficient to constitute the offense of rape as defined under the law of this state. However reprehensible the conduct of the accused may have been in connection with his afflicted kinswoman of tender years, under this indictment he was required to answer only the accusation contained therein, and if the facts fail to establish the offense as charged, as a matter of law, it is elementary that his conviction therefor would be erroneous and wrongful and the judgment of conviction cannot be permitted to stand.

[5] It is definitely settled by a uniform current of decisions in this and other states that without *force*, either actual or constructive, there can be no rape; in other words, force is an essential element of rape; and, as stated, without actual or constructive force there can be no rape. This oft-decided, well-settled principle of law impels us to the conclusion we now have reached, for the evidence as brought out upon the trial of this defendant fails to establish the use of force, either actual or constructive, in the accomplishment of the alleged sexual intercourse by him with Irma Moore. In thus concluding the emphatic denial of the accused that he had such sexual intercourse is not involved. From the testimony of Irma Moore herself the conclusion is inevitable. In substance she testified:

That defendant carried her in a room and told her to take off her underclothes and had sexual intercourse with her. She was then asked, "What did you do," and to this question she replied: "I done nothing." She was asked: "Did you say anything to him?" A. "No; I didn't say a word." Again being questioned, "What did you do," she replied: "I didn't do nothing; he done it himself." By the Solicitor: Q. "Did you tell him he could do that?" To which she replied: "Yes, sir." Upon the question being repeated she replied: "No, sir." Q. "What did you tell him about it?" A. "I said nothing." Q. "When he took hold of you did he hold you tight?" Answer by witness: "Yes, sorter." Q. "Did he hurt you?" A. "Not much."

This and other testimony of like import by the injured party fails to establish the essential elements of rape. There was no evidence of an outcry or resistance, and in view of this we hold that the affirmative charge requested in writing should have been given and its refusal was error.

We regard the insistences, on rehearing, as to the other questions decided in the opinion as being without merit and we adhere to each of them, except as hereinabove stated.

The application for rehearing is granted. Judgment of affirmance is set aside. The cause is reversed and remanded.

Application for rehearing granted.

Reversed and remanded.