Eddie Robinson was indicted for rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of sexual misconduct and the trial judge sentenced him to twelve months' imprisonment in the Walker County Jail.
On June 22, 1982, the appellant was at his uncle's home watching television with his three cousins. Around 11:00 p.m., the appellant's uncle went to work. His three cousins went to sleep in their bedrooms while the appellant slept on the sofa.
Sometime during the night, the victim, who was deaf and mute, got out of bed to go to the bathroom. As she was walking down the hallway, the appellant grabbed her, the prosecutrix, pulled her into the living room and threw her on the sofa. The appellant began kissing the victim and then forced her to have sexual relations with him.
The appellant testified that he did have sexual intercourse with the victim, but that she had consented.
 I
Prior to trial, the State provided defense counsel with a copy of the appellant's statement which he gave to the police. When the State attempted to introduce the statement into evidence at trial, defense counsel objected to its admission because a correction had been made in the statement which was being offered, and defense counsel had not been notified of this correction. The correction which was made in the statement was that the words "she can hear" were changed to "she can't
hear".
While we do not approve of the State's conduct in making the correction and failing to notify defense counsel of such, we cannot see how this action prejudiced the appellant in any way. The fact of the victim's inability to hear was never in dispute. While the State should have notified defense counsel of the correction which it made, we find this error to be harmless under the evidence given at trial. A.R.A.P. 45.
 II
The appellant's contention that the State failed to prove a prima facie case is also without merit.
From our review of the record, we find there was sufficient evidence presented by the State from which the jury could conclude, by fair inference, that the appellant *Page 904 
was guilty of the offense charged, beyond a reasonable doubt.
 III
The appellant argues that the appellant was denied a fair trial because the State failed to obtain "the least interested person available" as an interpreter for the victim. Instead, the court allowed the victim's teacher and friend to act as interpreter for her.
In Burgess v. State, 256 Ala. 5, 53 So.2d 568 (1951), the Alabama Supreme Court stated:
 "In determining the qualifications of such witness to testify and the selection and qualification of the interpreter, much must be left to the sound discretion of the trial court who has full opportunity to see and observe the witness, and the interpreter, in the presence and hearing of the interested parties and their counsel, much of which cannot be portrayed on the written pages of the record. Pruitt v. State [232 Ala. 421, 168 So. 149] supra; 53 Am.Jur. p. 44 § 29."
In the case at bar, the trial judge held a hearing outside the presence of the jury to determine if the interpreter was properly qualified. The trial judge thoroughly examined the interpreter concerning her qualifications and any feelings of partiality she might have toward the victim. After this hearing, the trial judge determined the victim was competent to testify and her teacher and friend was qualified to act as her interpreter. Numerous cases in Alabama illustrate that the interpreter for a deaf mute at a trial does not necessarily have to be the "least interested person available." See Hymanv. State, 338 So.2d 448 (Ala.Cr.App. 1976); Brown v. State,331 So.2d 820 (Ala.Cr.App. 1976); Burgess v. State, supra; Almon v.State, 21 Ala. App. 466, 109 So. 371 (1926) (rev'd on other grounds).
Therefore, the appellant failed to establish that the trial judge abused his discretion in this matter.
 IV
The appellant urges the trial judge should have instructed the jury on the possible range of punishment for the offense of sexual misconduct, after he characterized the offense as a misdemeanor.
We do not agree with the appellant. As a matter of law, the trial judge sets the punishment in such misdemeanor cases. The range of punishment should not be considered by the jury when they are deciding upon the guilt or innocence of the defendant. The jury should base their verdict solely on the evidence offered and heard at trial and not on the possible sentences which the defendant could get if convicted. Cabaniss v. City ofTuscaloosa, 21 Ala. App. 507, 109 So. 761 (1926).
We find no error on this issue.
 V
We find no merit to the appellant's contention that the trial judge should have instructed the jury about the possible defense of intoxication.
As provided by § 12-16-13, Code of Alabama 1975, "Charges moved for by either party must be in writing . . ." We do not find any written requested charges concerning intoxication in this record, therefore, we cannot consider this issue on appeal. Smith v. State, 53 Ala. App. 657, 303 So.2d 157 (1974).Allen v. State, 414 So.2d 989 (Ala.Cr.App. 1981) affirmed414 So.2d 993 (1982).
 VI
The appellant contends reversible error occurred because the trial judge failed to instruct the jury that consent may be an absolute defense to rape.
The refusal of a charge, though a correct statement of law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the trial court's oral charge or in written charges given at the request of the parties. Ala. Code, § 12-16-13
(1975). *Page 905 
The trial judge thoroughly instructed the jury that forcible compulsion was an element of the offense of rape. Certainly, as the State points out, forcible compulsion and consent cannot co-exist. Therefore, since the trial judge instructed the jury that forcible compulsion is an element of the offense of rape, it was not necessary to instruct them that lack of consent is also an element or that consent is a defense to that crime.
Furthermore, the appellant was not convicted of rape but rather of the lesser included offense of sexual misconduct. The trial judge did instruct the jury that lack of consent was an element of the offense of sexual misconduct. Therefore, since the appellant was not convicted of the greater offense of rape, we fail to see how the appellant was harmed by the trial judge's failure to instruct the jury that consent is a defense to rape. Therefore, if the trial judge's failure to give the requested instruction was error, it was harmless. A.R.A.P. 45.
We have examined this record and find it free of error. The judgment of the trial court is due to be and is hereby affirmed.
Affirmed.
All the Judges concur.