NUMBER 13-01-152-CR




COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI-EDINBURG


 



JUAN GREGORIO BRIONES, Appellant,



v.




THE STATE OF TEXAS , Appellee.

 



On appeal from the 156th District Court 


of Bee County, Texas.


 



OPINION




Before Chief Justice Valdez and Justices Yañez and Castillo

 Opinion by Chief Justice Rogelio Valdez 


Appellant, Juan Gregorio Briones, appeals from a conviction of prohibited sexual conduct, a third degree felony. Tex. Pen.
Code Ann. § 25.02(a)(2) (Vernon 2000). The jury assessed punishment at ten years confinement in the Texas Department
of Criminal Justice-Institutional Division, and a fine of $10,000.00. Through one issue, appellant argues the trial court
erred in denying his motion for mistrial. We affirm. (1) 

 Facts and Procedural History

 On December 26, 1997, appellant, who was married to Irma Briones, engaged in incestuous relations with his
then-nineteen-year-old step-daughter Claudia Cardenas Castro. Appellant was charged with prohibited sexual conduct
under section 25.02(a)(2) of the penal code which prohibits sexual intercourse between a step-parent and step-child. Id. 

 Appellant's attorney filed a pre-trial motion in limine to exclude references to extraneous offenses, which included two
pending sexual assault charges, during the guilt-innocence part of the trial. The trial court granted his motion in limine. 

 At trial, Ms. Castro testified that she and appellant had sexual relations on December 26, 1997. As a result of the
encounter, a child was conceived. Appellant's counsel objected to Ms. Castro's testimony because he believed the State
was going to ask about consent. Appellant's counsel argued that consent is not an element of incest and that any reference
to consent improperly referenced the pending extraneous rape charges that were barred by the motion in limine. The State
responded that Ms. Castro also could have been charged with prohibited sexual conduct under section 25.02 (a)(2) of the
penal code. Id. The State wanted to introduce the evidence of lack of consent to show why Ms. Castro was not charged
with prohibited sexual conduct. The State did not intend to reference the appellant's extraneous offenses. The trial court
overruled appellant's two objections, which were based on Texas Rule of Evidence 403. 

 When the State asked Ms. Castro if she had sexual intercourse with the appellant Ms. Castro testified, "[h]e made me have
sex with him." The trial court overruled appellant's counsel's renewed relevancy objection. During cross-examination, Ms.
Castro testified that she had non consensual sexual relations with appellant after appellant's counsel asked Ms. Castro if she
willingly had sex with appellant. Appellant's counsel did not object to this testimony until after the State conducted the
redirect examination. Appellant's counsel then made an oral motion for mistrial, based on the testimony regarding consent. 
The trial court denied the motion. 

 Before the conclusion of the trial, appellant's attorney made two more references to consent. First, he argued during
closing arguments of the guilt-innocence phase of trial that the jury should acquit appellant because Ms. Castro consented
to the sexual relationship. Then, during the punishment phase of trial, he argued appellant should get probation because
Ms. Castro consented to the sexual relationship. 

 The jury found appellant guilty, sentenced him to ten years imprisonment, and imposed a $10,000.00 fine. Appellant
appeals the trial court's denial of the motion for mistrial. 

Standard of Review 

 We review a denial of a motion for mistrial under the abuse-of-discretion standard.Trevino v. State, 991 S.W.2d 849, 851
(Tex. Crim. App. 1999). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to
guiding principles and rules. Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). We sustain the trial court's
decision if it is correct on any applicable theory of law. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990);
Benitez v. State, 5 S.W.3d 915, 918 (Tex. App.-Amarillo 1999, pet. ref'd) (referring specifically to denial of motion for
mistrial).

 Citing Schoenfeldt v. State, 30 Tex. Ct. App. 695, 18 S.W. 640 (1892), the appellant claims the issue of consent is
irrelevant to the offense of prohibited sexual conduct. He argues that his step-daughter's testimony-that she did not consent
to sexual intercourse with appellant-was unfairly prejudicial and confused the issues because it focused on the extraneous
offense of sexual assault and took attention away from the charged offense of prohibited sexual conduct.

 If a defendant objects to the admission of evidence but the same evidence is subsequently introduced from another source
without objection, the defendant waives his earlier objection. Massey v. State, 933 S.W.2d 141, 149 (Tex. Crim. App.
1996); Hughes v. State, 878 S.W.2d 142, 155 (Tex. Crim. App. 1993). As a result, any error that might have occurred in
the original admission is waived when the appellant fails to object to subsequent admissions of the same evidence. Id. 

 In the present case, appellant's counsel made several references to consent that conflicted with his motion in limine and his
oral motion for a mistrial. First, appellant's counsel asked Ms. Castro during cross-examination if she willingly had sex
with appellant. Then, appellant's counsel argued during closing arguments of the guilt-innocense phase of trial that
appellant should be acquitted because Ms. Castro consented to the sexual relations. Finally, during the punishment phase
of trial, he argued appellant should get probation because Ms. Castro consented to the sexual relations with appellant.

 As a result of these subsequent references by appellant's counsel, this Court finds that any error that might have occurred in
the original admission was waived. Id. See also Rogers v. State, 853 S.W.2d 29, 35 (Tex. Crim. App.1993) (stating "[t]he
general rule is that error regarding improperly admitted evidence is waived if that same evidence is brought in later by the
defendant or by the State without objection."). 

 Accordingly, appellant's sole issue on appeal is overruled. We affirm the judgment of the trial court.

 

 ROGELIO VALDEZ

 Chief Justice

Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 27 day of August, 2003. 

 

 









 

1. The Texas Rules of Appellate Procedure were amended effective January 1, 2003 to require the trial court to enter a
certification of defendant's right to appeal. See Tex. R. App. P. 25.2(a)(2). Accordingly, we abated this appeal on July 24,
2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of
appellant's right to appeal. See id. We received a supplemental record on August 4, 2003 that includes the trial court's
certification of appellant's right of appeal. We now turn to the merits of appellant's case.