Raiford *vs.* The State.

---

RAIFORD *vs.* THE STATE OF GEORGIA.

1. The testimony of the female engaged in the incest with which the defendant was charged was amply corroborated by other evidence.
2. In the crime of incest there may be a certain force or power exerted, resulting from the age, relationship or circumstances of the parties, which overcomes the objections of the female, without amounting to that violence which would constitute rape.

Verdict. Witness. Criminal Law. Before Judge CARSWELL. Jefferson Superior Court. November Adjourned Term, 1881.

Reported in the decision.

H. D. D. TWIGGS, for plaintiff in error.

R. L. GAMBLE, solicitor general, for the state.

CRAWFORD, Justice.

The plaintiff in error was indicted for incestuous forni-cation with one Kate C. Griffin, his niece, was found guilty, moved for a new trial, which was refused, and that refusal is complained of as error.

There were several grounds in the motion for a new trial, but a decision upon two of them will rule the case, and they are:

(1.) That Kate C. Griffin being an accomplice, and the only witness for the state who testified to the criminal act, is uncorroborated by other evidence.

(2.) That the evidence makes out a case of rape, and not incestuous fornication.

1. Was there, then, sufficient testimony in corroboration of that which was sworn to by the unfortunate young woman to authorize the verdict?

It is shown by the evidence that the household consisted of the grandmother, the defendant, and this niece; that her mother had been dead thirteen years, during which time she had lived in the house with the defendant; that about three weeks before the birth of her child, she had been sent off under pretence of attending school, when her condition must have been known to him; that Scott Parsons, a servant, who, to use his own language, had "lived off and on" with the defendant for seven years, had seen him in her room, on the bed with her, and with her clothes up above her waist; that he saw this more than nine months preceding the birth of her child.

There was no attempt made to impeach this witness or controvert his testimony; taken, therefore, in connection with the testimony which she had given to the jury, it would have been strange indeed, if they had not been satisfied of the truth of the charge when so corroborated.

2. The next question to be considered is, whether the evidence makes out a case of rape, instead of incestuous fornication?

The testimony of the young woman was that the defendant had sought to have criminal connection with her all through the year preceding that in which she had her child; he commenced by feeling her breasts, and then by promises of presents; he told her that being her uncle it made no difference; he attempted to have intercourse with her on several occasions, sometimes he would try, and happening to hear something he would stop and go away from her. She stated that the sexual connection which she had had with him was not voluntarily indulged in by her; she had been taught to obey him, was afraid of him, and gave up to him because she was afraid of him; the intercourse between them was by coercion.

This evidence clearly shows the relations between these parties, and exactly how the defendant accomplished the ruin of this young woman. Doubtless his first approaches towards her did fill her mind with consternation amounting to a sort of vague and undefinable fear. Standing to her in the relations which he did, her confusion was only equalled by her ignorance of what to do. Fatherless and motherless, brought up in the house where he stood as the head of the family, taught to obey him, and above all being the very man to whom she would naturally turn to protect her against wrong, we can well imagine the truth of her statement, that the sexual intercourse was not voluntarily indulged in, and that the coercion of which she spoke was but the paralysis of all power to suggest a reason against the terrible wrong, or assert herself against his caresses and apparently loving force until he had accomplished her ruin.

This unnatural crime, as was said in the case of *Powers vs. The State*, 44th *Ga.*, 214, is generally the act of a man upon a woman over whom by the natural ties of kindred he has almost complete control, and generally is alone to blame. There is a force used, which, while it cannot be said to be that violence which constitutes rape, is yet of a character that is almost as overpowering.

We concur in the view which the judge pronouncing the opinion in the above case has so clearly stated, and are of opinion that the evidence in this record does not make out a case of rape, but of incestuous fornication.

We hold further, that the charges and refusal to charge without qualification were not in violation of law, but in harmony with the foregoing ruling, and justified by the evidence submitted.

Judgment affirmed.