JONES *v.* STATE.

Opinion delivered June 12, 1911.

1. CONTINUANCES—DISCRETION.—While trial courts have a broad discretion in matters of continuance, which will not be controlled when properly exercised, yet when the facts show that a court has abused its discretion in refusing a continuance, the cause will be reversed. (Page 398.)

2. SAME—ABUSE OF DISCRETION.—Where one accused of a crime, in his application for a continuance, shows that he has exercised due diligence in endeavoring to procure attendance of absent witnesses, that process for one of such witnesses had not been returned, and that the other witness is sick and unable to be present, and that their testimony is necessary to his defense, he can not be forced into trial and have the statement of what he believed they would testify substituted for their testimony. (Page 399.)

Appeal from Drew Circuit Court; *H. W. Wells,* Chancellor; reversed.

STATEMENT BY THE COURT.

The appellant was indicted by the grand jury of Drew County for the crime of assault with intent to rape. He was convicted and sentenced to three years' imprisonment in the State penitentiary. He had been tried on the same charge at a previous term of the court, and there was a mistrial. On the last trial the appellant filed a motion for continuance, setting up that "three of the material witnesses of the defendant, towit: Mrs. Maud Berryman, Mase McGough and James Alsobrook, were not present in attendance on the court, and defendant cannot have a fair and impartial trial without the testimony of said witnesses, and each of them, and said witnesses are not absent by the consent, connivance or procurement of the defendant; that defendant has used due diligence to procure the attendance of said witnesses; that he has no other witness by which he can prove the same facts to which each of said witnesses severally would swear if they were present, and that the testimony of each of said witnesses is material to the defense of the said defendant, and that said testimony is true.

"That, if witness Mrs. Berryman were present she would swear as follows: 'I know Claudie Thurman, and met her in

Lacey, Arkansas, about the first of February, 1909, and had a conversation with her, and went with her from the store to the postoffice in Lacey to mail a letter. She said she was going to mail a letter to her uncle Mase; that her mother had written to him to come and take charge of her business. In that conversation she (Claudie) told me that they were going to get rid of Mack Jones. At another time, later, after Mrs. Jones and Claudie had moved from Lacey down in the country, I was passing the gate of Mrs. Jones, stopped there, and Claudie and I had a conversation in which this matter was mentioned. I told Claudie that I thought that Mack had treated her wrong, or something to that effect, and Claudie then said that Mack had not treated her wrong, and that he had really done nothing to her; that the drawers which they said Mack had torn on her were the drawers of Tom McGough's little daughter. Claudie then told me not to tell what she had told me in this conversation.'

"That if witness Mase McGough were present he would testify as follows: 'Some time after this matter of the assault on Claudie by Mack Jones was first made public, after I returned to Drew County and heard of it, I met my brother, Marvin McGough, and asked him what about this matter of Mack Jones attempting to rape my niece, Claudie Thurman, and Marvin acknowledged to me that he (Marvin) did not know anything about it; that he did not believe that there was anything in it; that there was nothing in the charge against Mack Jones; and that it was a job put up on Mack by his wife and Claudie to get rid of Mack. I also had a conversation with Claudie about the matter, and she also told me that there was nothing to it; that Mack really had not tried to do anything to her. After I learned this from Claudie and Marvin I refused to have anything to do with the prosecution of Mack Jones.' "

The court refused to permit the following part of the testimony of Mase McGough to be read to the jury, towit:

"That he (Marvin) did not believe there was anything in it; there was nothing to the charge against Mack Jones, and that it was a job put up on Mack by his wife and Claudie to get rid of Mack."

To the refusal of the court to permit all the alleged testimony

of Mase McGough to be read to the jury, the appellant duly excepted and reserved his exceptions in motion for new trial.

"That if witness James Alsobrook were present he would swear that he met Marvin McGough at Ozment's school house in Drew County about three weeks after the thing was said to have occurred, and Marvin McGough then told him that he had been working on the case against Mack Jones for assaulting Claudie Thurman for three weeks, and that he now had Mack where he wanted him."

In support of the motion for continuance, the appellant introduced the clerk of the court, who testified that a short time before he had issued a subpoena for Mase McGough, addressed to the sheriff of Chicot County, and had delivered the same to the sheriff of Drew County, but that the subpoena had not been returned to his office. The sheriff was introduced as a witness, and stated that about ten days previously the clerk had handed him a subpoena, issued in the case of State *v.* Mack Jones, for Mase McGough; and that he had mailed the subpoena to the sheriff of Chicot County, as the same was addressed to the sheriff of that county; that he had heard nothing further from that subpoena. He further testified that he had heard from the witness, Mrs. Maud Berryman, and that she was expecting to be confined with child birth at any time, and was in such physical condition that she could not attend court.

The defendant testified on the motion that witness Mase McGough was in the employ of the Leavitt Land & Lumber Company, whose plant is located in Drew County, just over the line between Chicot and Drew Counties, about one and one-half miles from Dermott, Chicot County, and that the witness, Mase McGough, lives at Dermott; that he was in Dermott a few days ago.

A witness, Robert Hill, testified on the hearing of the motion for continuance that "he came by the home of witness James Alsobrook this morning on his way to court, and he found Alsobrook in bed and too sick to attend court."

The court overruled the motion, to which appellant excepted. The court then permitted the appellant to read the testimony of Mrs. Maud Berryman taken at the former trial of the cause, but refused to allow her alleged testimony as set forth in the motion to be read. Appellant excepted to the ruling of the court. The

court also permitted the testimony of James Alsobrook as set forth in the motion to be read to the jury, and told the jury that they should consider the same as his testimony. Appellant excepted to the ruling. The court also permitted the attorneys for the appellant to read part of the testimony of Mase McGough as set out in the motion for continuance, and instructed the jury to consider this testimony the same as if the witness had been present and testified.

The appellant, through his attorneys, requested the court to allow him to say to the jury in argument that the testimony of the absent witnesses, read as their testimony, should be considered by the jury as true, but the court refused the request, and appellant duly excepted and reserved his exceptions in motion for new trial.

The testimony of Claudie Thurman, the prosecutrix, is substantially as follows: "That she was under fifteen years of age at the time of the alleged assault; that the appellant was her step-father at that time; that she lived with her mother and step-father; that she, on the occasion of the alleged assault, was left at home with four small children; that her step-father (appellant) in company with her uncle, Marvin McGough, stopped at the house, ate dinner and then started away; then Mack Jones (the appellant) returned to the house and said to prosecuting witness that he wanted a string and called me into another room; when I went in the room where he was he pushed me against the wall and tried to force me to do wrong; he took hold of me and choked me, pulled up my dress, tore my drawers and put his private parts to my private parts; this lasted just a little while, as she heard Uncle Marvin coming, and that stopped him. When Uncle Marvin came to the house, he asked me what I was crying about, and I didn't tell him because Mack Jones had said that if I told him he would kill me. I did not see Miss Maud Cruce (Mrs. Maud Berryman) in Lacey and walk with her to the post-office to mail a letter in February, 1909, and did not talk to her; she did not stop at our house after we left Lacey and talk with me at the gate. I did not tell her there that Mack did not do me wrong. I did not tell Uncle Mase in the fall of 1909 that Mack had not done anything wrong to me, but that the charge against Mack was wrong."

Marvin McGough, on behalf of the State and in rebuttal of the testimony of Mase McGough that had been read to the jury, testified that he did not tell his brother, Mase McGough, that there was nothing in this charge against Mack Jones; that he knew nothing about it, and that he thought there was nothing in the charge.  Also, in rebuttal of the testimony of James Alsobrook, read to the jury, he said "that he did not tell James Alsobrook at Ozment's school house that he had been working on the case for three weeks, and that he finally had Mack where he wanted him."

*Williamson & Williamson,* for appellant.

1.  The continuance should have been granted.  Appellant was entitled to have these witnesses, for whose attendance the continuance was asked, to testify in person before the jury, so that they might form a just estimate from their intelligence, manner of testifying, etc., of their credibility, in comparison with the testimony of the prosecuting witnesses.  The court's denial of the motion was an abuse of discretion prejudicial to the appellant. 71 Ark. 180; 60 Ark. 161; 21 Ark. 464.

2.  Where the charge is a felony, a motion for a continuance on account of absent witnesses who are within the jurisdiction of the court, whose testimony is material, if the same facts cannot be shown by other witnesses, should not be overruled, when due diligence is shown, unless the State will admit the truth of the testimony as set out in the motion.  50 Ark. 161.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

A motion for a continuance is addressed to the sound, judicial discretion of the trial judge, and when he acts thereon this court will not reverse the order, unless there has been a manifest abuse of that discretion amounting to a palpable denial of justice, and an arbitrary and capricious exercise of power. 26 Ark. 323; 54 Ark. 243; 41 Ark. 153; 51 Ark. 167; 67 Ark. 543; 34 Ark. 26; 70 Ark. 521; 71 Ark. 62.  See also 41 Ark. 62; 76 Ark. 290; 94 Ark. 539; *Id.* 169.

Wood, J., (after stating the facts).  The motion for continuance should have been granted.  The appellant showed that he had exercised all the diligence that could be expected of him

under the law to procure the attendance of his witnesses. The witnesses had been subpoenaed and were in attendance and testified at a former term. And an alias subpoena was issued for the witness Mase McGough, who was within the jurisdiction of the court, just a short time before the court convened, and the subpoena for this witness had not been returned. While the court has a broad discretion in matters of continuance, which will not be controlled when properly exercised, yet this is not an unlimited discretion, and will be reviewed by this court; and when the facts show that the court has abused its discretion, this court will reverse for the error in not granting a continuance. In *Miller* v. *State,* 94 Ark. 545, we said:

"In no case will the exercise of the discretion of the trial court in a matter of continuance be reviewed upon appeal where it manifestly appears that justice has been done without sacrificing the rights of the defendant."

But in this case it cannot be said that justice has been done and that the rights of the defendant were not sacrificed in refusing the motion for a continuance, for the reason that appellant had brought himself fully within the requirements of the law in his endeavor to procure the attendance of his witnesses. The presence of these witnesses in person was very material to his defense, as shown by the testimony set up in the motion. This testimony, if true, would necessarily show that the testimony of the prosecuting witness was false. The conviction of the appellant could not have been secured except upon the testimony of the prosecuting witness and her uncle, Marvin McGough. The testimony of Mrs. Berryman, and likewise of Mase McGough, if true, would have shown that the prosecutrix told them there was nothing in the charge against the appellant, that he had really done nothing to her and, in effect, showed that, according to her statement, the charge was one trumped up by herself and her mother to get rid of her stepfather. Had these witnesses been present in person before the jury and given their testimony, their appearance and manner of testifying might have impressed the jury that their testimony was true, and therefore have caused them to wholly disbelieve and disregard the testimony of the prosecutrix. The appellant, having exercised all the diligence that the law requires to procure the attendance of these wit-

nesses, could not be forced into trial and have the purported testimony of the witnesses, as set forth in the motion and the alleged testimony of the witness Mrs. Berryman, as given in a former trial, substituted for the testimony of the witnesses in person before the jury. This case, on the facts, is clearly distinguishable from any of the cases in this court where the court has refused to interfere with the discretion of the lower court in refusing to grant applications for continuance. The ruling of the court, we think, under the circumstances of this case was erroneous, and was tantamount to a denial of the appellant's right under the Constitution to have compulsory process for obtaining witnesses in his favor. *Graham* v. *State,* 50 Ark. 161. The circumstances were such as to show that an attachment was not proper in the case of the witnesses who were sick and who on that account could not be present, and the last subpoena that had been issued in the case of witness Mase McGough had not been returned. So there was nothing that the appellant could do that he had not done in order to facilitate the trial of the cause. He had no other witness by which he could prove the facts alleged. A continuance under such circumstances is a matter of legal right, which could not be denied appellant without an abuse of the court's discretion. *McDonald* v. *Smith,* 21 Ark. 460; *Cannon* v. *State,* 60 Ark. 564; *Price* v. *State,* 71 Ark. 180.

Reversed and remanded.

KIRBY, J., dissenting.