ASHWORTH *v.* BRICKEY.

Opinion delivered May 28, 1917.

1. TRIAL—CONTINUANCE—ABUSE OF DISCRETION.—Where the trial court has ordered a cause to be tried, and thereby the rights of one of the parties have been sacrificed, this court will review the exercise of the discretion of the trial court in the matter of continuance.

2. TRIAL—CONTINUANCE—ABSENCE OF DEFENDANT—ABUSE OF COURT'S DISCRETION.—A cause was called for trial, and in order to present his case, it was necessary that the defendant be present in person. Defendant's counsel introduced an affidavit of a physician that defendant was too sick to attend court and asked a continuance.

The court refused, and ordered a trial; a verdict was rendered for the plaintiff. *Held*, the court abused its discretion in refusing to grant a continuance, and the judgment should be reversed.

Appeal from Lee Circuit Court; *J. M. Jackson*, Judge; reversed.

*Mann & Mann*, for appellant.

The court abused its discretion in refusing the continuance. 99 Ark. 394; 4 Enc. Pl. & Pr., p. 842.

*D. S. Plummer* and *Daggett & Daggett*, for appellee.

There was no abuse of the court's discretion in refusing a continuance. 99 Ark. 581. Appellant did not bring himself within the rule.

HUMPHREYS, J. Appellee instituted suit against appellant in the Lee Circuit Court to recover $6,400, alleged to be due him for commission earned in selling appellant's plantation in St. Francis County, Arkansas, for $22,400.

Appellee alleged that appellant listed the plantation with him for $16,000 net, and agreed to pay him as a commission for selling said plantation all he could get above that amount.

Appellant, answered, admitting the original contract as alleged in appellee's complaint, but alleged that after entering into the contract he expended $4,500 in pitching the 1916 crop, and that appellee agreed to add that amount to the listed price, and take for his commission whatever he could get for the property in excess of $20,500.

This suit was brought on the 30th day of May, 1916, to the October term of the circuit court. On the 11th day of October, which was the third day of the October term, the case was called and appellee announced ready for trial. Appellant, through his attorney, asked for a continuance, on account of illness, until the next term of court or until a subsequent day in the October term. Appellee suggested that appellant was absent on account

of drunkenness.   At the solicitation of appellant's attorney, the court continued the case until the 14th day of October at 9 o'clock A. M.   On the day set for trial, appellee again announced ready for trial.   Appellant filed the following written motion for continuance:

"Comes the defendant, Sam Ashworth, by his attorneys, Messrs. Mann, Bussey & Mann, and moves the court for a continuance of this cause to the next term of this court, and says:

"That the defendant is ill and unable to attend the court, and was ill on the day this cause was originally set for hearing, towit, Wednesday, October 11, and has been ill continuously since said time, and his condition is such that he, in all probability, will not be able to give any attention to business or any other matter requiring his personal attention for some days.   Defendant herewith submits and makes the same a part of this motion a certificate from W. H. Alley, a physician of Forrest City, Arkansas.

"Defendant says that, aside from being the defendant in this case, he is also the only witness for the defendant, and, therefore, has no one by whom he can prove the facts to which he will testify.   That if present and in attendance upon the court, he would testify in substance to the matters and things set out in his answer in this cause.   That in addition to his testimony in said cause, his presence is necessary for the purpose of advising his attorneys of matters and things within the knowledge of the plaintiff, and about which plaintiff should be asked when giving his testimony in said cause."

The motion for continuance was supported by a physician's certificate as follows:

"Rawlinson, Ark., October 12, 1916.

To Hon. Judge Jackson, Marianna, Ark.:

This is to testify that Mr. Sam Ashworth is physically unable to attend court at this time, but I think

more than probable that he can come by the middle of next week.

Very respectfully,<br>
W. H. Alley, M. D.''

Appellee resisted the motion for continuance on the ground that appellant was not sick, but drunk; and in support of the allegation, introduced R. E. Wild and Geo. B. Newbern, who testified that appellant was in Marianna Friday or Saturday, October 6 or 7, in a nervous, drunken condition. Appellee testified that he made inquiry of Mr. Gillespie, who resided on the same plantation with appellant, and ascertained that appellant was at home in an intoxicated condition.

Appellant's attorney then requested that the case pass until Doctor Alley could arrive, stating that he had phoned him at 8 o'clock and that he would be there as soon as he could drive through in an automobile. The court refused the request, stating that he should have had the witness present at 9 o'clock, the time the case had been set. Appellant then called R. D. Smith, who testified that Dr. W. H. Alley of Forrest City was a reputable physician.

The court overruled the motion for continuance, and, upon trial, rendered judgment in accordance with the verdict of the jury for the total amount of $6,400.

Exceptions were saved to all adverse rulings and preserved in a motion for a new trial, which was also overruled, and an appeal has been properly prosecuted from said judgment to this court.

(1) It is agreed by counsel that the only question raised by the appeal is whether or not there was an abuse of discretion on the part of the court in refusing to grant a continuance. The record reflects that appellant's presence was necessary, both as party and witness, in order to a fair presentation of the defense pleaded by him. His attorney, in his absence, was forced to go to trial without him and it is manifest that his rights, as set out in his answer, were sacrificed. Where the

rights of a party have been sacrificed, this court will review the exercise of the discretion of the trial court in the matter of continuance. *Jones* v. *State,* 99 Ark. 394.

(2)   This was a suit brought on the 30th of May to the following October term, involving a very large sum. The vital issue in the case must be determined largely upon the evidence of appellant and appellee. As far as appellant was concerned, his rights must depend upon his own evidence. We learn in the motion for a new trial that on the 17th day of September, 1916, he had gone to Hot Springs for the purpose of recuperating and benefiting his health, and had returned to his home about September 30, where he was confined the major portion of his time by illness. On October 8, he went to Forrest City with a view of going to Marianna on Monday, October 9, to attend the trial of the cause, but on account of his physical condition, returned home where he remained in bed until October 15.

Appellant employed attorneys to represent him and the cause was set on the calendar for trial on the third day of the term, which was October 11. On that date, the attorney appeared in court and requested a continuance on account of the illness of his client. The court continued it until Friday morning at 9 o'clock. At 9 o'clock Friday morning appellant did not appear, and the motion and supporting affidavit of the physician, above referred to, were filed. The evidence detailed in substance above, on the question of whether appellant was really sick or drunk, was heard by the court, and the motion for continuance overruled. A part of the evidence presented to the court was clearly hearsay. Appellee testified that he had made inquiry of Mr. Gillespie concerning appellant's condition and had ascertained from him that appellant was drunk. This was purely hearsay and not admissible. We are inclined to believe that the court came to the conclusion that appellant was at home drunk from the hearsay evidence detailed by appellee. If he did not come to the conclusion as to ap-

pellant's condition, from the hearsay evidence detailed by appellee, then he must have necessarily based his opinion upon the inference drawn from the testimony of the two witnesses who said that on the 6th or 7th of October they had seen appellant in Marianna in an intoxicated condition. Those witnesses in further explanation of appellant's condition on the day they saw him, say that he was going about attending to his business. It is hardly fair to appellant to presume from this testimony that his absence the following week was due to continuous drunkenness. It was not shown that he was an habitual drunkard, or that he was intoxicated on those days to such an extent that he was unable to transact business. The affidavit of Doctor Alley informed the court that he thought appellant would be in a condition to attend court in a few days. Had the court been disposed, he might have waited a short time for Doctor Alley to arrive, who was on the way to Marianna in a car. Had he waited a short time he could have ascertained definitely as to the real cause of appellant's absence.

It is suggested in appellee's brief that the absence of appellant was due to the desire and inclination on his behalf to avoid a trial, if possible. We are unable to find such a desire or inclination in the evidence. As stated above, appellant had made every preparation to try his case. We think the evidence wholly insufficient to establish the fact that appellant was absent on account of drunkenness. Voluntary drunkenness would not have been a sufficient excuse for his absence, but the evidence is insufficient to support such a finding. Illness was the only lawful excuse urged for continuance, and we think the evidence before the court at the time the motion for continuance was overruled was ample to support a finding that appellant's absence was due to unexpected illness. The court was not on the eve of adjournment and might well have waited a short time in order to ascertain the cause of appellant's absence. In not doing so,

we think the learned judge erred in the exercise of the broad discretion vested in him.

It is insisted by appellee that this case is ruled by *Dent* v. *Peoples Bank,* 99 Ark. 581. In that case, the defendant and his attorney agreed on October 20 that the trial of the cause should be set for October 25. At the time the case was set no mention was made of the alleged testimony he could procure. He had not made sufficient endeavor to procure his witnesses by subpoena, nor had he taken the deposition of the witnesses residing without the jurisdiction of the court. In other words, the defendant in the case had not made diligent effort to prepare for trial. The instant case is more nearly akin to the case of *Jones* v. *State,* 99 Ark. 394. In that case the court took occasion to say, "So there was nothing that appellant could do that he had not done in order to facilitate the trial of the cause. He had no other witness by which he could prove the facts alleged. The continuance under such circumstances is a matter of legal right, which could not be denied appellant without an abuse of the court's discretion."

For the error indicated, the cause is reversed and remanded for a new trial.