WESTBROOKS *v.* STATE.

Opinion delivered June 3, 1929.

*McConnell & Jackson,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

BUTLER, J. On the 7th day of February, 1929, an indictment was returned against the appellant, charging him with the crime of incest. The case was called for

trial on the 13th day of February following. On that day the appellant presented his motion for continuance, with proper averments as to diligence, etc., and for cause alleged that two witnesses, who had been duly served with subpoenas in the case, were absent without his procurement, connivance, or consent; that they were sick, and unable to appear. He set up the expected testimony of these witnesses in his motion. It was shown by the certificates of physicians and by the testimony of witnesses that these witnesses were sick with influenza. As to one, Mrs. J. E. Cannon, the doctor certified that she would not be able to go out of the house for a period of five or six days, and as to the other, Mrs. Willa Ransom, no indication of the time at which she might leave her home was indicated in the certificate of the doctor or the testimony of witnesses.

The court, on presentation of the motion, made an order passing the case until the 15th, and made the further order that the defendant might take the depositions of the witnesses named in his motion for continuance. On the 15th the motion for continuance was overruled, and defendant saved his exceptions, and the cause was tried. The jury found the defendant guilty, and assessed his punishment at three years' imprisonment in the State Penitentiary.

There are only three assignments of error insisted upon in this court as grounds for reversal, i. e., the refusal of the court to grant continuance, the admission of incompetent testimony, and the refusal of the court to give appellant's prayer for instruction No. 1, and the giving of instruction No. 2 by the court on its own motion.

The only direct evidence in this case on the part of the prosecution was that of the prosecuting witness, the daughter of the defendant, who testified specifically and positively to a number of acts of misconduct on the part of the defendant, and, as the evidence shows that she was not sixteen years of age at the time several of the acts were committed, there was no corroboration necessary

to warrant a verdict. Indeed, the corroboration, while we think it would have been sufficient had she been more than sixteen years of age, was wholly circumstantial in its nature, and not very convincing. We think that the jury must have reached its verdict upon the testimony of the child.

It is evident from the record that the defendant was given little time for preparation for trial. This might have been due, in part, to the extreme indignation aroused against the defendant because of the nature of the crime and the story repeated by his alleged victim. All of this made it the more important that the defendant be given every reasonable means to present whatever defense he might have, and the permission to take the depositions of the absent witnesses could not preclude defendant from his constitutional rights to have the personal attendance of the absent witnesses.

It is not often that the discretion of the trial judge in refusing to grant a motion for continuance will be disturbed, but in this case the evidence of the two women, witnesses for the defendant, who were unable to attend on account of illness, is material. As set up in the motion, Mrs. Cannon would have testified, if present, that, within a short time, some thirty or forty days before the convening of the court, the prosecuting witness told her that her father, the defendant in this case, had never had sexual intercourse with her, but that a number of other young men had had; that it was nobody's business, and she was going to protect them. The witness Mrs. Ransom would have testified, if present, that, at about the same time as that narrated by Mrs. Cannon, she and the prosecuting witness had a conversation of like character, in which she made the same statement to her.

As we have before seen, all of the direct testimony on the part of the State was that of the prosecuting witness. In view of that fact, we think the testimony of these two women was of the utmost importance to the defendant. The case is ruled by the case of *Jones* v.

*State,* 99 Ark. 394, 138 S. W. 967. In that case the prosecution was for assault with intent to rape, and the direct testimony for the prosecution was confined to that of the prosecutrix, who stated the circumstances in detail as to time and manner of the alleged assault. When the case was called, the defendant moved for a continuance because of the absence of three witnesses; one, Mrs. Berryman, it was alleged, would testify, if present, that, in a conversation with the prosecutrix, she stated that Mac (defendant) had not treated her wrong, and that he had really done nothing to her; that the drawers which she said Mac had torn on her were the drawers of Tom Mc-Gough's little daughter. Another witness, Mase McGough, would also have testified, if present, to a similar conversation with the prosecutrix. The court overruled the motion for a continuance, but permitted the defendant to read the testimony of one of the witnesses taken at the former trial of the cause, and refused to allow her alleged testimony as set forth in the motion to be read. The court also permitted the attorneys for the defendant to read part of the testimony of the other witness as set out in the motion for continuance, and instructed the jury to consider this testimony the same as if the witness had been present and testified. The jury returned a verdict of guilty. Mr. Justice Wood, in his opinion reversing the case, used the following language, which we think is applicable to the facts in the case at bar:

"But in this case it cannot be said that justice has been done and that the rights of the defendant were not sacrificed in refusing the motion for a continuance, for the reason that appellant had brought himself fully within the requirements of the law in his endeavor to procure the attendance of his witnesses. The presence of these witnesses in person was very material to his defense, as shown by the testimony set up in the motion. This testimony, if true, would necessarily show that the testimony of the prosecuting witness was false. The conviction of the appellant could not have been secured

except upon the testimony of the prosecuting witness and her uncle, Marvin McGough. The testimony of Mrs. Berryman, and likewise of Mase McGough, if true, would have shown that the prosecutrix told them there was nothing in the charge against the appellant, that he had really done nothing to her, and, in effect, showed that, according to her statement, the charge was one trumped up by herself and her mother to get rid of her stepfather. Had these witnesses been present in person before the jury and given their testimony, their appearance and manner of testifying might have impressed the jury that their testimony was true, and therefore have caused them to wholly disbelieve and disregard the testimony of the prosecutrix. The appellant, having exercised all the diligence that the law required to procure the attendance of these witnesses, could not be forced into trial and have the purported testimony of the witnesses, as set forth in the motion and the alleged testimony of the witness Mrs. Berryman, as given in a former trial, substituted for the testimony of the witnesses in person before the jury. * * * The ruling of the court, we think, under the circumstances of this case, was erroneous, and was tantamount to a denial of the appellant's right, under the Constitution, to have compulsory process for obtaining witnesses in his favor.''

As the case must be reversed for the error of the court in refusing to grant the motion for continuance, we deem it unnecessary to discuss the other assignments of error, as the matters complained of, if improper, will not likely occur again. The case is reversed, and remanded.