### 29050. MOSLEY *v.* THE STATE.

DECIDED SEPTEMBER 19, 1941.

*P. M. Anderson*, for plaintiff in error.

*R. L. Dawson, solicitor-general*, contra.

MACINTYRE, J. Leonard Mosley was convicted of incestuous adultery with his unmarried daughter, who at the time of the acts of intercourse was under the age of consent. His motion for new trial was overruled, and he excepted. He contends that his daughter, who is under the age of consent, was an accomplice, and that her testimony must be corroborated as provided in Code, § 38-121. "'An accomplice is strictly defined as one who is associated with others in the commission of a crime, all being principals.' 1 Am. & Eng. L. (2d ed.) 389. Participation in the commission of the same criminal act, and in the execution of a common criminal intent, is therefore necessary to render one criminal, in a legal sense, an accomplice of another. 'Criminal intent is a necessary ingredient of crime, and is essential to render one an accomplice. It follows that where this element is absent, one is not an accomplice.'" *Springer* v. *State*, 102 *Ga.* 447, 451 (30 S. E. 971). "Whether a witness is an 'accomplice' within the meaning of the exception in the Penal Code, § 1017 [now § 38-121], relating to the number of witnesses necessary to establish a fact, the test in general is 'could the witness himself have been indicted for the offense either as principal or as accessory.'" *Kearce* v. *State*, 178 *Ga.* 220 (2) (172 S. E. 643). "A woman who consents to an act of sexual intercourse which is incestuous is an accomplice of the man. This rule is not varied where some coercion is used by the man, but not of a character to make the case one of rape." *Whidby* v. *State*, 121 *Ga.* 588 (49 S. E. 811).

Our Code, § 26-5701, with reference to incestuous fornication and adultery provides: *"Any person* who shall commit *incestuous* fornication or adultery shall be punished by imprisonment and labor in the penitentiary for not less than one nor more than 20 years." (Italics ours.) With reference to adultery and fornication, the Code, § 26-5801, provides: *"Any man and woman* who shall live together in a state of adultery or fornication, or of adultery and fornication, or who shall otherwise commit adultery or fornication, or adultery and fornication, shall be severally indicted, and shall be severally punished as for a misdemeanor; but it shall, at any time, be within the power of the parties to prevent or suspend the prosecution and the punishment by marriage, if such marriage can be legally solemnized." (Italics ours.) The Supreme Court, in reference to these sections, has said: "Nothing can be plainer than that the crime of incestuous fornication is, by our statute, not a joint offense. The words are 'any person who shall commit incestuous fornication [or adultery].' By what rule of construction this can be made to mean, 'if any two persons shall,' etc., we are unable to see. The very next section of the Code, section 4460, punishing fornication and adultery, does make a joint offense, and uses very different language. 'Any man and woman who shall,' etc. It is hardly supposable that language so different should be used in almost the same sentence without a special intent. And there is great propriety in the distinction. The unnatural crime, prohibited in section 4459 [now § 26-5701], as experience shows, is generally the act of a man upon a woman, over whom, by the natural ties of kindred he has almost complete control, and generally he alone is to blame. There is a force used, which, while it can not be said to be that violence which constitutes rape, is yet of a character that is almost as overpowering. Indeed, if it were necessary to make out a case of mutual consent (and without this there is no joint offense), we think but few cases of this unusual crime would be punished." *Powers* v. *State,* 44 *Ga.* 209, 214. See *Raiford* v. *State,* 68 *Ga.* 672, 674. Thus if the female was capable of consent, "A man accused of incestuous adultery can not be convicted upon the uncorroborated testimony of the woman with whom he is alleged to have committed the offense." *Yother* v. *State,* 120 *Ga.* 204 (47 S. E. 555). The age of consent in this State is 14 years. Code, § 26-1303. In the

instant case the indictment alleged, and the evidence for the State was confined to, an act of sexual intercourse committed before the date the defendant's daughter reached the age of consent, to wit, 14 years. The daughter was below the age of consent and could not have been indicted as a participant in the crime charged, either as a principal or as an accessory, and she was not, under the definition above given, an accomplice within the meaning of Code, § 38-121. On the contrary, one indicted for incestuous adultery can not escape conviction on the ground that the female upon whom the crime was alleged to have been committed was of such an age that she was not at the time capable of giving her consent. State v. Chambers, 87 Iowa, 1 (53 N. W. 1090, 43 Am. St. R. 349) ; LaFray v. State, 48 Ga. App. 133 (172 S. E. 115) ; Beal v. State, 72 Ga. 200; Brown v. State, 21 Ala. App. 371 (108 So. 625) ; State v. Sparks, 167 Iowa, 746 (149 N. W. 871) ; State v. Stalker, 169 Iowa, 396 (151 N. W. 527 (3, 4), L. R. A. 1915E, 1222) ; Westbrooks v. State, 179 Ark. 714 (17 S. W. 2d, 868) ; State v. Pelser, 182 Iowa, 1 (163 N. W. 600) ; Tagert v. State, 143 Ala. 88 (39 So. 293, 111 Am. St. R. 1, 24).

The defendant also contends that if the act of sexual intercourse took place between himself and his daughter, who was under the age of consent, the only conviction authorized by the evidence is for rape, as the female could not consent and the offense of rape can not coexist with adultery. The evidence here does not disclose violence or force. If any force at all was used by the defendant it was mere authority or influence. 2 Wharton's Criminal Law (12th ed.), 2424 (17). It is true, as stated in Davis v. State, 152 Ga. 320, 325 (110 S. E. 18), cited by the defendant, that rape can not coexist with adultery. The act of sexual intercourse by a father with his daughter may be incestuous adultery without regard to the guilt of the female, the crime of incestuous adultery not being necessarily a joint crime. Powers v. State 44 Ga. 209, 214. The crime charged here is incestuous adultery, and was an act committed by father upon his daughter who was not a criminal participant in the act because she was under the age of consent. Rape and incestuous adultery are different in the nature of the wrong done and in the facts which constitute them. Neither includes the other, and the defendant may be convicted of either, with or without allegation or proof of some fact essential to the

other. Carnal knowledge of the female is a fact common to both. If it is with force and against her will the crime is rape, whether the female be under or over the age of consent and whether she be the defendant's daughter or not. The fact that she is his daughter is immaterial. If she is his daughter and under age of consent, and the force, if any, used by the defendant was mere authority or influence, the crime is incestuous adultery, and the fact that the force used "can not be said to be that violence which constitutes rape" (*Powers* v. *State,* supra) is immaterial. "In a majority of jurisdictions, it is held that the consent of both parties is not an essential element of the crime of incest, and that when the intercourse and the relationship have been established it is immaterial, as regards the defendant's guilt, whether the act of intercourse was with the consent of the other party." 8 Am. & Eng. Ann. Cas. 910. Georgia is there listed as being with the majority rule. The one act in the instant case includes all the elements of both crimes, and the defendant could have been indicted and tried for either (State *v.* Rice, 83 W. Va. 409, 98 S. E. 432; Commonwealth *v.* Bakeman, 131 Mass. 577, 41 Am. R. 248); *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334), but the female, being under the age of consent, could not be convicted of incestuous adultery. Thus, she was not an accomplice and no corroboration of her testimony was necessary to authorize a conviction of her father of the offense of incestuous adultery. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*