SOLOMON *v.* THE STATE.

COBB, J. 1. A woman who knowingly and wilfully consents to an act of sexual intercourse which is incestuous is an accomplice of the man, and her uncorroborated testimony is not sufficient to sustain a verdict convicting him of the offense of incestuous adultery. 1 Am. & Eng. Enc. L. (2d ed.) 390, and cases cited in note 2. See also *Raiford* v. *State*, 68 *Ga.* 672 ; *Taylor* v. *State*, 110 *Ga.* 151.

2. There being in this case the testimony of only one witness proving the corpus delicti as well as the participation of the accused in the criminal act charged in the indictment, and that witness being an accomplice, and the facts and circumstances relied upon as a corroboration of the accomplice's testimony not being such as to connect the accused with the criminal act, his conviction was contrary to the evidence, and a new trial should have been granted for this reason.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*

Argued March 18,—Decided March 28, 1901.

Indictment for incestuous adultery and fornication. Before Judge Sheffield. Terrell superior court. January 16, 1901.

*James G. Parks*, by *Hoke Smith & H. C. Peeples*, for plaintiff in error.    *J. A. Laing, solicitor-general*, contra.