## WHIDBY *v.* THE STATE.

1. A woman who consents to an act of sexual intercourse which is incestuous is an accomplice of the man.   This rule is not varied where some coercion is used by the man, but not of a character to make the case one of rape.
2. Accordingly, on the trial of one indicted for incestuous adultery, it was error to charge as follows.   "If you should find that the will of the party was coerced to that extent where she did not consent, if it did not amount to sufficient force to make it rape, then it is for you to say whether or not she was an accomplice."   This charge is also confusing in its tendency; for if the will of the woman was "coerced to that extent where she did not con-sent," the case is necessarily one of rape.
3. It is also error, on the trial of such a case, to admit evidence that the accused had frequently administered to the daughter with whom he is charged to have committed incestuous adultery severe whippings with a cowhide, there being nothing in the evidence to connect these whippings with the offense for which the accused is being tried, and their natural tendency being to prejudice the jury against him.

Submitted January 16, — Decided January 26, 1905.

Indictment for incest.     Before Judge Roberts.     Irwin superior court.     November 3, 1904.

*Z. Bass, J. H. Martin,* and *Warren Grice,* for plaintiff in error.
*E. D. Graham, solicitor-general,* and *J. F. DeLacy,* contra.

CANDLER, J.   The accused was tried upon an indictment charg-ing him with incestuous adultery with his daughter, and was con-

victed. He moved for a new trial, which was refused, and he excepted.

1, 2. An act of sexual intercourse must necessarily be either with or without the consent of the female. If it is accomplished forcibly and without her consent, the act is rape. If it be with her consent, even though some coercion be used to procure that consent, and the intercourse is illegal, the crime is adultery or fornication, as the case may be. *Mathews* v. *State*, 101 *Ga.* 547; *Taylor* v. *State*, 110 *Ga.* 151 (6). If the latter, and it is incestuous in character, the woman is an accomplice of the man. *Solomon* v. *State*, 113 *Ga.* 192; *Yother* v. *State*, 120 *Ga.* 204. The law recognizes no intermediate degree of force in the accomplishment of an illegal act of sexual intercourse, which is sufficient to accomplish the act contrary to the consent of the female and yet not constitute the crime of rape. For these reasons the charge referred to in the second headnote was erroneous. The peculiar vice of the charge lay in the fact that in this case there was considerable doubt as to whether the case made by the State was one of incestuous adultery or of rape. One of the witnesses, a sister of the woman who it was claimed was a party to the various acts of incestuous adultery, gave evidence which would warrant a conviction of that crime; but if the woman herself is to be believed, she was the victim of a series of acts of rape, covering a period of several years, and the accused should have been acquitted of the offense with which he was charged.

3. It was also error to admit evidence that the accused had repeatedly administered severe whippings to his daughter with a cowhide. The witness who gave this testimony testified that she did not know why the whippings were given, and there was nothing to connect them in any way with the acts of sexual intercourse with which the accused is charged. Such evidence could only have a tendency to prejudice the jury against the accused as an inhuman father, regardless of the facts as to the crime with which he was charged.

The motion for a new trial contains numerous other grounds. Some of them disclose inaccuracies in the charge and in the rulings of the trial judge, but no error requiring the grant of a new trial.             *Judgment reversed.   All the Justices concur.*