This is a criminal action, tried upon an indictment charging the unlawful manufacture of intoxicating liquor.
STATE'S EVIDENCE.
Sheriff M. Allard Case: I know John Blackwell. He lives in the eastern part of Henderson County. I saw him at a blockade still on 3 January, 1920, over at Big Hungary, ten miles from here in this county. Mr. Hill and Mr. Lyda were with me at the time. Blackwell had a complete outfit, except that he had no cap or worm for the still. When we found him he had about three bushels of meal in two boxes, and he was putting water in the still, getting ready to make beer — was pouring water from a tub and was getting water into the still. I suppose he was putting water in to make the meal work quicker. The meal was a little bit wet. He had poured some water on it. The outfit was complete with the exception of the cap and worm. Blackwell was alone. I arrested him. *Page 734 
Cross-examination: Blackwell had a complete outfit except the cap and worm. He was getting ready to make whiskey. There were two boxes of meal; looked like some water had been poured over it. There was a sack there also with some meal in it. The still was made of copper and would hold thirty-five or forty gallons. The furnace looked new and had not been used before. The two boxes contained about three bushels of meal and the sack from one-half to a bushel. There was nothing about the place that gave the appearance that any whiskey had been made there.'
Redirect examination: It (the still) was kind of in a hollow over a mountain, in a pretty big hollow — an obscure place — a very good place for a still. The still had been used before, but the furnace had not.
T. V. Lyda: I was with the sheriff when he arrested John Blackwell. I saw two boxes there containing mash in some water — what they call sweet mash. He had about three bushels of meal in the boxes and about three bushels in a sack. Sweet mash is used for making beer, and beer for making whiskey. It takes from seven to eight days for mash to ferment. The still had no cap, work or doublings. It was about a thirty-five gallon copper still. Blackwell could not have made any whiskey earlier than a week if he had had the cap and worm. He was making preparations.
Sheriff M. Allard Case, recalled: When I cought Blackwell he said he was fixing to make some whiskey for his own use.
Cross-examination: He said, "You got me before I made any."
At the close of the State's evidence the defendant moved for judgment as of nonsuit. Motion overruled, and the defendant excepted.
The jury returned a verdict of guilty.
Judgment of court that the defendant be confined to the common jail of Henderson County, and be assigned to work upon the public roads of said county for the term of twelve months. The defendant excepted and appealed.
The evidence is sufficient to support the verdict, and goes beyond proof of preparation to commit the crime of manufacturing intoxicating liquor.
It is true the cap and worm were not present, but they would not be needed for a week, and in the meantime the defendant was engaged in one of the processes of manufacture. *Page 735 
He had not produced any of the completed product, but he was manufacturing it as rapidly as he could, knowing that the cap and worm would be available when the beer was ready for distillation.
The sheriff also testified: "The still had been used before," which, in the absence of explanation, permitted the inference that the defendant had been manufacturing at some other point, and was then engaged in changing his location.
The evidence is as strong, if not stronger, than in S. v. Perry,179 N.C. 718.
No error.