## 10935

### STATE v. POLLARD

#### (113 S. E. 69)

INTOXICATING LIQUORS—EVIDENCE HELD SUFFICIENT TO SUSTAIN CONVICTION FOR MANUFACTURE.—To constitute a violation of the statute prohibiting the manufacture of liquor, it is not necessary that the process of manufacturing should be complete, and evidence that the defendant was preparing to manufacture whisky when arrested was sufficient to sustain a conviction.

Before ANSEL, J., County Court, Greenville, May, 1921. Affirmed.

Fred H. Pollard indicted for violation of the Prohibition Law and upon conviction appeals.

*Messrs. Dean, Cothran & Wyche,* for appellant, cite: *No manufacturing proven*: 91 S. C. 265.

*Mr. W. E. Bowen, Solicitor,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"The defendant, Fred H. Pollard, was indicted by the grand jury of Greenville County under an indictment charging him with manufacturing intoxicating liquors, and was tried by a jury on the 31st day of May, 1921, in the County Court of Greenvile County, before Judge M. F. Ansel. The jury returned a verdict of guilty, and the defendant was sentenced to pay a fine of $250 or to serve a period of five months in the State penitentiary. The indictment upon which the defendant was convicted reads as follows:

"The jurors of and for the County aforesaid, in the State aforesaid, upon their oath, present that Lemuel Pritchett and F. H. Pollard, at Greenville, in the County of Greenville and State aforesaid, on the 28th day of February, in the year of our Lord 1921, and on divers other days, both before and since that day, up to the taking of this inquisition, willfully and unlawfully did make and manufacture spirituous, malt, and other liquors containing alcohol, and used as a beverage, to wit: whiskey, against the form of the statue in such case made and provided, and against the peace and dignity of the State.

"Within due time the defendant, through his attorneys, served notice of intention to appeal to the Supreme Court, from the judgment rendered in the above-stated case."

The sole exception is as follows:

"The Court erred in overruling the motion for a directed verdict on the ground that there was no evidence that the defendant had 'manufactured intoxicating liquor, to wit, whisky,' as charged in the indictment. All the evidence in the case proved positively that the defendant was merely preparing to manufacture whisky, and had not, when arrested, committed the offense charged in the indictment."

The case of *State v. Ravan,* 91 S. C. 265, 74 S. E. 500, is conclusive of this question.

Affirmed.