## 11387

### STATE v. ARNOLD

#### (120 S. E., 747)

1. CRIMINAL LAW—CHARGE AS TO MANUFACTURING INTOXICATING LIQUOR HELD NOT ON FACTS.—The quoted words in a charge that, if the State has produced evidence which will convince your minds beyond a reasonable doubt that these men were engaged in the manufacture of intoxicating liquor "at the time and at the place, or just prior to the time at which the officers said they found them around this still," you will convict them, *held* not in violation of Const., Art. 5, § 26, prohibiting Judges from charging juries in respect to matters of fact.

2. CRIMINAL LAW—INTOXICATING LIQUORS—CHARGE AS TO MANUFACTURING LIQUOR HELD CORRECT STATEMENT OF LAW AND NOT ON FACTS.—A charge relating to manufacturing intoxicating liquors that "I have had this question before me time and time again, when the proof showed that the process of manufacture had only gotten to that point where the officers would say that the stuff was ready to put into the distillery in order to distill the alcohol from it, and time and again motions have been made before me that under such evidence a man could not be convicted, and in every case I have overruled those motions and refused to direct a verdict," *held* not a charge on the facts, in violation of Const., Art. 5, § 26, but a correct statement of law.

Before RICE, J., Anderson, September, 1923.   Appeal dismissed.

Roy Arnold was convicted of violating the State prohibition law, and he appeals.

*Messrs. Dickson & Miller,* for appellant, cite: *Charge on facts:* 47 S. C., 524; 80 S. C., 383.

*Mr. L. W. Harris, Solicitor,* for the State.

January 2, 1924.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The appellant was indicted, tried, and convicted of an alleged violation of the State prohibition law (2 Code 1922, c. 20), by the manufacture of alcoholic liquors, and was sentenced to six months' imprisonment.

He appealed upon three exceptions, but abandoned the first. The second exception is as follows:

"Because his Honor, the presiding Judge, erred in charging the jury as follows: 'But if she (the State) has produced evidence which will convince your minds beyond a reasonable doubt that these men, or either of them, were engaged in the manufacture of liquor at the time and at the place, or just prior to the time at which the officers said they found them around this still, then you will have to return a verdict of guilty.' ".

The appellant's attorney contends that the words, "at the time and at the place or just prior to the time at which the officers said they found them around this still," rendered the charge obnoxious to Section 26, Art. 5, of the State Constituiton, which provides that "Judges shall not charge juries in respect to matters of fact, but shall declare the law." The intention and effect of the words used by his Honor, the presiding Judge, were merely to limit the inquiry, and the charge was beneficial instead of prejudicial to the accused. The exception is, therefore, overruled.

The third exception is as follows:

"Because his Honor, the presiding Judge, erred in charging the jury as follows: 'Now as to manufacturing, gentlemen, I will read you what the Supreme Court says about what manufacturing means. I have had this question before me time and time again when the proof showed that the process of manufacture had only gotten to

that point where the officers would say that the stuff was
ready to put into the distillery in order to distill the alcohol
from it, and time and again motions have been made before
me that under such evidence a man could not be convicted,
and in every case I have overruled those motions and refused
to direct a verdict.' It being respectfully submitted that
this was a charge on the facts, in violation of defendant's
rights guaranteed to him by Section 26 of Article 5 of the
State Constitution, and he was prejudiced thereby."

The language of his Honor, the Circuit Judge, was merely
a correct statement of the law, and was not a charge on the
facts. *State v. Ravan,* 91 S. C., 265; 74 S. E., 500.
*State v. Pollard,* 120 S. C., 195; 113 S. E., 69. *State v.
Blackwell,* 180 N. C., 733; 105 S. E., 178.

Appeal dismissed.