29896. MERCER *v.* THE STATE.

DECIDED JANUARY 12, 1943.

*Kirkland & Kirkland,* for plaintiff in error.

*W. H. Lanier, solicitor-general,* contra.

GARDNER, J. The sole contention of the defendant is that the evidence submitted by the State did not sufficiently corroborate the testimony of the accomplice. The most satisfactory answer to this contention is the evidence itself. Hence we have set it forth somewhat in detail. While it is true that the larger portion of the evidence on this feature went to the conduct of the defendant after the alleged crime was consummated, yet this testimony, taken in connection with the circumstances proved independently of the testimony of the accomplice, we are constrained to hold, was sufficient corroboration. It will be observed that the evidence shows that the hog was hauled away from a point near the home of the defendant, in defendant's wagon, by Cotton, who was employed by defendant. It was further shown that after the arrest of the accomplice the defendant, with his truck, removed the hog from the pen, released it on the range, and denied to the officer any knowledge of the hog. Then, afterwards, when entrapped in this false statement, he admitted returning the hog, contending that his conduct throughout was for the purpose of shielding Cotton. When an officer, in the discharge of his duty of running down a thief, encounters an honest man, he gets the truth as his informant has it. If one thus approached by an officer is more in favor of protecting the thief than in upholding the law of his country as a good citizen, and throws before the officer a false screen which he afterwards admits is false, he can thereafter expect very little favorable consideration to be given any different reason he may give to extricate himself from the meshes of a criminal net which, by his own admitted false statement, he helped to weave around himself. No doubt the jury took all this into consideration and, as was their right, discredited his statement made on his trial. The judge approved their view by denying the motion for new trial.

The court charged fully the principles of law with reference to

circumstantial evidence, and evidence necessary to corroborate the testimony of an accomplice. The evidence was sufficient to sustain the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*