34229. POTTS *v.* THE STATE.

Decided September 18, 1952.

*Bobby Lee Cook,* for plaintiff in error.

*J. Bowie Gray, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 1 of the amended motion for a new trial complains of the admission over objection of a portion of the prosecutrix's testimony, including her testimony that she was regularly employed, and her place of employment. Special ground 8 assigns error on the admission of the entire testimony of the sheriff, including the incriminatory admission to him by the defendant. In each case, at least part of the evidence objected to was clearly admissible. Where evidence partly competent and partly incompetent is offered as a whole and objected to as a whole, the illegal portion not being objected to separately, admitting all of such evidence affords no legal cause of complaint to the objecting party. *Loughridge* v. *State,* 181 *Ga.* 261 (4) (182 S. E. 12); *Ogletree* v. *State,* 66 *Ga. App.* 49 (3) (16 S. E. 2d, 882). Further, the only objections to the evidence offered at the time of its admission were that such evidence was "irrelevant and immaterial and prejudicial to the rights of the defendant" and "had

nothing to do with the case at bar." Such an assignment of error is insufficient, as not showing wherein the evidence was as characterized, and therefore the overruling of the objections was not reversible error. *Mims* v. *State*, 207 *Ga.* 118 (2) (60 S. E. 2d, 373); *Deen* v. *Baxley State Bank*, 62 *Ga. App.* 536 (2) (8 S. E. 2d, 689).

■ Special ground 2 complains of error in admitting over objection testimony of the prosecutrix as to the beating with the ax handle and belt buckle. Special ground 3 complains of similar testimony offered by the examining physician. In special ground 4 error is assigned on Jarman's testimony that he had discharged both parties following the defendant's insistence that the prosecutrix leave work to accompany him—"If I could not have her help me when I needed her so badly, I would not need her at all, and if he was going to follow her around and watch her, or have her follow him around, I could not use either one of them." In ground 6 the evidence objected to refers to an incident when the prosecutrix was talking on the telephone and the defendant grabbed the telephone from her, cursed her, and demanded to know whom she was calling. Ground 7 is directed to the testimony of a witness as to the occasion when the defendant called her away from her work and slapped her, this being the same occasion on which, according to the prosecutrix, he had accused her of "rubbing up to" another clerk. These special grounds are considered together, the common objection being that the evidence in each case was prejudicial, irrelevant, and had no connection with the offense charged. All of this evidence tends to sustain the theory of the prosecution that the defendant's relationship and state of mind toward the prosecutrix was different from that of the ordinary relationship between step-father and stepdaughter (especially as the marriage to the prosecutrix's mother did not occur until approximately two years before the first alleged act of intercourse.) It tends to illustrate that the defendant was watchful, possessive and demanding in his attitude toward her; that he evidenced great emotion regarding her contact with other boys or men, even by telephone; that he exercised great dominion over her which caused her distress of mind (as, for example, the time she left work to accompany him, crying) and that he treated her with physical brutality.

By the very nature of the offense, testimony tending to show the defendant's attitude and state of mind, as bearing upon his intent, is more readily admitted in sex crimes than in other matters. See Wharton's Criminal Evidence, Vol. I, § 345; Vol. III, § 1398; *Frank* v. *State,* 141 *Ga.* 243, 2(a) (80 S. E. 1016). The testimony here was admissible for a dual purpose—to show the relationship between the defendant and prosecutrix as observed by third persons, and as tending to sustain the testimony of the prosecutrix that the defendant's coercion had so intimidated her that she delayed an unusual length of time before reporting the offense. The fact that the prosecutrix had engaged in sexual intercouse with someone was corroborated by medical testimony. Further evidence was needed to corroborate her identification of the defendant as the opposite party. *Solomon* v. *State,* 113 *Ga.* 192 (38 S. E. 332). As stated in *Mercer* v. *State,* 68 *Ga. App.* 740 (24 S. E. 2d, 69): "The conduct of a defendant before, during the time of, and after the commission of a crime may be considered by the jury in establishing his intention and his participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a conviction. This may be done by circumstantial as well as by direct evidence."

The defendant relies upon *Whidby* v. *State,* 121 *Ga.* 588 (3) (49 S. E. 811), in which it was held error, on the trial for incestuous adultery between a parent and daughter, to admit evidence that he frequently beat her with a cowhide. It there appeared that the witness testified she did not know why the whippings were administered, and there was nothing to connect them with the case. Here there is evidence of two specific beatings, the first administered, according to the prosecutrix, to force her to have intercourse with him, the second apparently a result of the defendant's accusations concerning her conduct in the store. The beatings are therefore related, at least to some extent, to the charge for which the defendant was on trial, and this evidence does not fall under the rule in the *Whidby* case.

■ In special ground 5 complaint is made of the following: Counsel for the defendant asked a former employer of the prosecutrix the following question: "Isn't it true that this girl called you and asked you to come down to her house, and didn't

she tell you on the front porch of her house that she wanted to drop the charges in this case?" to which the witness replied: "No, sir, she did not tell me she wanted to, drop the case, no, sir. She did call me and I went down and, in the presence of her mother, her mother told me she wanted me to drop the charges." Counsel moved to strike this answer as not responsive to the question, and also a repetition of the same testimony afterwards elicited on redirect examination. The denial of this motion is contended to be error because of the rule in *Mickle* v. *Moore*, 188 *Ga.* 444, 449 (4 S. E. 2d, 217), as follows: "While it is true that counsel on cross-examination of a witness will not be allowed to take chances on asking a dangerous question which may elicit a damaging answer and an answer that would otherwise be inadmissible, and thereupon have such answer excluded from the consideration of the jury, yet this rule will not be so extended as to authorize a witness while on cross-examination to give illegal and inadmissible testimony that is not responsive to the question propounded, and thus defeat the law fixing the rules of evidence." However, the answer here was responsive to the question. Further, other evidence was admitted without objection showing that the prosecutrix had herself attempted to quash the indictment, at her mother's insistence. This ground is without merit.

■ It is further contended that the corroboration of the prosecutrix's testimony is insufficient. The evidence offered for this purpose by the State is as follows: evidence that the prosecutrix had engaged in sexual intercourse with some person; that the defendant watched and spied upon her; that he insisted in taking her away with him on trips; that he made efforts to be alone with her; that he showed rage and vindictiveness at her normal contacts with young men; that he beat her and threatened her with beatings in the presence of others and forced her to accede to illogical demands on his part. We do not believe the corroborating evidence above outlined would be sufficient, however, except for the defendant's statement to the sheriff while under arrest, when advised of the charge against him, that he would plead guilty rather than cause her embarrassment. Certainly no one of the foregoing bits of evidence would constitute sufficient corroboration. However, each constitutes some slight

corroboration and when all are added together and then coupled with the defendant's admission against interest to the sheriff, they are sufficient to present a question for jury determination. As stated in *Rice* v. *State,* 16 *Ga. App.* 128 (4) (84 S. E. 609): "The sufficiency of circumstances proved to corroborate the accomplice is entirely a matter for the jury . . provided the circumstances proved, independently of the testimony. of the accomplice, lead to the inference that the defendant is guilty, and in some way connect him with the guilty act." It follows, therefore, that although the uncorroborated testimony of an accomplice is insufficient to sustain a conviction for this offense (see *Taylor* v. *State,* 110 *Ga.* 150, 35 S. E. 161; *Kilgore* v. *State,* 67 *Ga. App.* 391, 20 S. E. 2d, 187), the entire course of conduct of the defendant as set out in the record, together with his admission, is sufficient to lead to the inference that the defendant is guilty and in some way connect him with the guilty act.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*