34349, 34350.   CURRY *v*. THE STATE (two cases).

DECIDED JANUARY 24, 1953.

*John J. Nilan*, for plaintiff in error.
*Russell C. Davison Jr., Solicitor-General*, contra.

TOWNSEND, J.   (After stating the foregoing facts.)   ■ The principal contention of the defendant is that to authorize a conviction of taking immoral and indecent liberties with

a minor child, corroboration of the testimony of the prosecuting witness should be required, for reasons at least as cogent as those obtaining on trials for rape and statutory rape. However, at common law, in offenses against chastity generally, the testimony of the injured party was sufficient to sustain a conviction, neither a second witness nor corroboration being required. Wharton's Criminal Evidence (11th ed.), Vol. III, § 1398. The rule that in rape cases there must be corroborative evidence is identified, in *Davis* v. *State,* 120 *Ga.* 433 (48 S. E. 180), as a part of our common law, under the doctrine of Lord Hale (2 Cool. Bl. 213), and so made a part of the law of this State, although the minority opinion in that case suggests that it was intended merely as a rule of evidence for the guidance of the jury, a construction followed in certain other States. Fairly *v.* State, 152 Miss. 656 (120 S. E. 747); State *v.* Martin, 102 W. Va. 107 (134 S. E. 599). By express statutory enactment, corroboration is also necessary in the offense of statutory rape. Code, § 26-1303. In other offenses against chastity the common-law rule applies. Corroboration is not necessary for a conviction of seduction (*Washington* v. *State,* 124 *Ga.* 423 (1) 52 S. E. 910), or assault with intent to rape (*Fields* v. *State,* 2 *Ga. App.* 41, 58 S. E. 327). In sex crimes generally, if the victim is able to and does consent to the crime, such person is an accomplice within the meaning of Code § 38-121, requiring corroboration of the testimony of an accomplice. *Whidby* v. *State,* 121 *Ga.* 588 (1) (49 S. E. 811). However, a child under the age of ten is conclusively presumed not to be possessed of sufficient capacity to commit crime. Code, § 26-302. Accordingly, a conviction of sodomy, based upon the testimony of a seven-year-old boy, will not be set aside on the ground that the child is an accomplice and therefore his testimony should be otherwise corroborated. *LaFray* v. *State,* 48 *Ga. App.* 133 (1) (172 S. E. 115). See also 19 A.L.R. 2d, 1391, § 21. There is no rule of law, either in the common law or statutes of this State, requiring corroboration of the testimony of the prosecuting witnesses in these cases, since their age makes it impossible that they be treated as accomplices, regardless of whether they consented to the acts.

■ The court in charging the jury in each case stated the

nature of the offense in the language of Code (Ann. Supp.), § 26-1301a, under which the indictment was drawn. and further instructed the jury that, while the bills of indictment were not evidence, the jury would have them and might refer to them as they saw fit. In the absence of a further requested charge as to the contentions of the parties, there is no merit in an assignment of error contending that, because the court failed to read the indictment to the jury, they had no knowledge of the specific charge against the defendant.

■ Complaint is made in special ground 1 of the motion for a new trial in case No. 34350, of that portion of the following testimony in italics: "When I left the Salvation Army the first person I told about this was Billy Sens. *My daddy found out about it when Billy Sens told another boy and he went and told my brother.* My daddy hasn't told me anything to say in court other than what's the truth." Counsel for the plaintiff in error states in his brief that his contention that this evidence is error "is based solely upon the premise that, in a crime of [this] nature there must be other evidence independent of that of the minor child." This premise of counsel not being well founded, the assignment of error is without merit.

■ The verdict is supported by the evidence and, having the approval of the trial court, will not be disturbed by this court.

The trial court did not err in overruling the motions for new trials in cases Nos. 34349 and 34350.

*Judgments affirmed. Gardner, P. J., and Carlisle, J., concur.*