37575. SLAUGHTER *v.* THE STATE.

Decided March 9, 1959.

*D. Lee Churchwell*, for plaintiff in error.

*Wm. M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General*, contra.

TOWNSEND, Judge. ■■ The main contention of the plaintiff in error, as raised by the demurrers to the indictment, the motion for new trial, and also the motion in arrest of judgment is, in substance, that the substantive offense of bribery, a felony, cannot be consummated singularly but must be the result of at least two participating offenders, the giver and the receiver of the bribe; that in such event both giver and receiver are accomplices and the bribe-giver cannot be convicted only upon the uncorroborated testimony of such accomplices; that a charge of offering to bribe is not a charge of committing the offense of bribery but only a charge of an attempt to commit such offense; that if the officers, as they testified, did not accept the money for the purpose of entering into an illegal compact with the defendant to conceal her crime, but rather accepted the money for the purpose of obtaining evidence against her without themselves acquiescing therein, there was no bribe but only an attempt, which, it is contended, should under Code § 27-2507 be punished as a misdemeanor.

Code § 26-4101 provides: "Bribery is the giving or receiving any undue reward to influence the behavior of the person receiving such reward, in the discharge of his duty in any office of government or of justice." Code (Ann.) § 26-4102 provides in part: "If any person shall, directly or indirectly, give or offer to give any money, goods, or other bribe, present, or reward . . . in order to obtain or influence the opinion, judgment, decree, or behavior of any . . . officer of this State, referee, or arbitrator, in any matter or cause pending, or which shall pend before him, such person, and the officer, referee, or arbitrator, who shall accept or receive such bribe, shall be guilty of a felony." Every indictment shall be deemed sufficiently technical and correct which states the offense substantially in the language of the Code. Code § 27-701. "Under the statute cre-

■

ating the offense, all of the different ways therein stated, by which one might commit the offense, can be charged in one and the same count." *Slicer* v. *State*, 172 *Ga.* 445(1a) (157 S. E. 664). This indictment appears to have been drawn under Code (Ann.) § 26-4102. It sufficiently alleges, and the evidence authorizes a finding, that the offer was made by the defendant to officers of the State within the contemplation of this section (See *Payne* v. *State*, 153 *Ga.* 882(3), 113 S. E. 446) in connection with a pending matter, a contemplated arrest for the misdemeanor of possessing non-tax-paid liquor, allegedly committed in their presence. Under neither Code section is *both* giving and receiving of the bribe made a necessary element of the offense; the giving renders the offerer guilty, and the receiving, with criminal intent, renders the receiver guilty. The evidence here sufficiently shows a completed crime of bribery on the part of the defendant regardless of whether the money was accepted by the officers as a bribe or was accepted merely for the purpose of obtaining evidence against the defendant. *Taylor* v. *State*, 44 *Ga. App.* 387 (161 S. E. 793) supports this position, for it was there held that the receiver of a bribe might be convicted although the person who paid the money might have been in fact ignorant that the receiver, in order to do what was requested of him, would have to act in such official capacity as to commit the crime of bribery under the statute. In *Ingram* v. *State*, 97 *Ga. App.* 468, 471 (103 S. E. 2d 666) it was held: "The essential elements of the offense are accordingly the offer or gift, the purpose to corruptly influence, and the official status of the offeree." Each of these elements being supported by proof, there was no error in overruling the demurrers, the motion in arrest of judgment, or the motion for new trial on the general grounds.

■ The first 3 special grounds of the amended motion for new trial assign error on the refusal of the trial court to strike out the testimony of each of the arresting officers on the ground the testimony of each officer was to the effect that he was not bribed, for which reason the testimony is irrelevant and prejudicial, or at least shows only an attempt to bribe on the part of the defendant. Special ground 4 contends that the testimony, if taken as the testimony of accomplices, is insufficient because

uncorroborated. Special ground 5 assigns error on the failure to charge a written request to the effect that an attempt to bribe is a misdemeanor under Code § 27-2507(5). Special grounds 6 and 7 assign error on the charge and on the failure to direct a verdict of acquittal because, for the reasons contended in the first 4 special grounds, there was no legal evidence to sustain a conviction. All of these grounds are without merit. As we have already stated, it was not necessary for the police officers to be accomplices of the defendant in the sense that they also must have acted with criminal intent in accepting the money; nevertheless, even if this had been true, the testimony of an accomplice may be corroborated by the testimony of another accomplice. Nor is it true that the fact that the officers testified that they received the money, not as a bribe but for the purpose of obtaining evidence, automatically reduces the offense from a felony to a misdemeanor. An attempt to commit a crime punishable by imprisonment and labor in the penitentiary for not less than one year is a misdemeanor under Code § 27-2507(5) only as therein stated "in cases where no punishment is otherwise provided for the punishment of such attempt." The language in *Taylor* v. *State*, 44 *Ga. App.* 387, supra, which is cited by the plaintiff in error, to the effect that an attempt to commit the crime of bribery is a misdemeanor, was written at a time when the punishment for violation of both Code §§ 26-4101 and 26-4102 was mismemeanor punishment. Bribery was, prior to 1865, a felony. By Ga. L. 1865-1866, p. 233, the penalty was reduced to misdemeanor punishment, and by the Act of 1949 (Ga. L. 1949, p. 274) the offense of either giving or offering to give a bribe was again made a felony. Since this act assesses the same punishment for "offering to give" as for "giving", it is entirely immaterial whether the offer is accepted so as to render the receiver also guilty of felonious misconduct. The special grounds of the amended motion for new trial are without merit.

No error appears as to any of the judgments of the trial court to which exception is taken.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*