62240. WHITFIELD v. THE STATE.

DEEN, Presiding Judge.

Michael Van Whitfield was indicted for twenty-nine counts of bribery. The trial court directed a verdict of acquittal on five counts, he was found not guilty on five counts and was convicted of the

remaining nineteen. He was sentenced to twenty years on each count to be served concurrently with five years to be served in prison, fifteen years on probation and during the probationary period was ordered to make restitution of $26,876.37. Whitfield had been employed by the Clayton County Board of Education as assistant director of maintenance at the time the offenses occurred.

1. Appellant's contention that Code Ann. § 26-2301 (Bribery) is vague, ambiguous and violative of the Fifth and Fourteenth Amendments of the United States Constitution is without merit. The constitutionality of this code section has been decided adversely to this contention. *King v. State,* 246 Ga. 386 (271 SE2d 630) (1980).

2. Appellant's claim that venue was not proved is also without merit. "Evidence of venue, though slight, is sufficient in the absence of conflicting evidence. *Climer v. State,* 204 Ga. 776 (51 SE2d 802). Venue may be proved by circumstantial as well as direct evidence." *Loftin v. State,* 230 Ga. 92, 93 (195 SE2d 402) (1973). The evidence in the present case, both direct and circumstantial, was sufficient to prove venue in Clayton County.

3. There was sufficient evidence presented at trial to support the convictions on all counts upon which appellant was found guilty. Harrison, the owner of a heating and air conditioning business which provided services to the school board, testified that certain appliances, cash, and materials he provided the defendant were "... provided to kind of insure any work with the system." Harrison also testified that Whitfield informed him that other companies were available to replace him and that one firm had quoted a lower price for providing certain services and had offered him a ten percent kickback. Harrison stated that his dealings with the school board constituted sixty percent of his business and that he recovered the money and other benefits by billing the board under the "additional services rendered" portion of the invoices he submitted. Testimony showed that Whitfield and his immediate supervisor, Patterson, approved the invoices. There was independent evidence to show that Whitfield received all of the cash and merchandise or directed that they be delivered to a third party.

Another witness, Summer, testified, that he placed a roof on Whitfield's new house in order not to lose the school board's roofing business. The school board was billed for the cost of the roof and it was charged off as repairs to a school. Again, the invoice was approved by Whitfield and Patterson.

4. A review of the complete testimony of Adams, who admitted billing the school board for items it did not receive, implicated both Whitfield and Patterson in the conspiracy. Whitfield had an air conditioning unit, which was received from Harrison, installed in

Adams' building. Both men had to approve the invoice and after the investigation began, Whitfield and Patterson met with Adams and advised him that there could be a problem with the unit and suggested that he remove the serial numbers from the unit. He then removed the serial number plate.

The jury was correctly charged on conspiracy and that the act of one conspirator is considered to be the act of all the conspirators. *Crosby v. State,* 232 Ga. 599 (207 SE2d 515) (1974).

5. As to the loans made by Harrison to appellant (three checks totaling $2,650 and a check for $8,800), Whitfield contends that there was not sufficient evidence to show that the money was given as a bribe and that the state attempted to impeach its own witness.

Throughout his very contradictory testimony, Harrison always maintained that the checks were given as "loans" although he admitted that the promissory note supporting the $8,800 check was destroyed at Whitfield's request, that none of the money was ever repaid, that he recovered all of the money by billing the school board for "additional services rendered," that Whitfield approved the invoices for payment and informed an investigator from the district attorney's office that the checks went to Whitfield for services rendered as a subcontractor. Whitfield later got together with Harrison and prepared false documentation which would justify the checks as legitimate payments by Harrison to Whitfield. The state introduced the checks and the receipts made out by Whitfield into evidence. In spite of all this testimony, Harrison steadfastly maintained that the checks were loans and that he still looked to appellant for repayment.

Harrison's contradictory testimony goes to his credibility as a witness and is solely a matter for jury determination. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). While the state is not permitted to impeach one of its witnesses, it may disprove facts testified to by a witness. *Miceli v. State,* 144 Ga. App. 842 (242 SE2d 751) (1978).

6. The state did not fail to corroborate accomplice testimony. Under Code Ann. § 38-121, testimony of an accomplice must be corroborated by either another witness or by corroborating circumstances. The corroboration, however, need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged. *Turner v. State,* 235 Ga. 826 (221 SE2d 590) (1976). Where several crimes are charged each offense must be corroborated if accomplices are involved. *Davis v. State,* 154 Ga. App. 803 (269 SE2d 874) (1980). Circumstantial evidence, when taken with the accomplice testimony, showing guilt beyond a reasonable doubt, is

sufficient corroboration. *Parker v. State,* 86 Ga. App. 497 (71 SE2d 765) (1952); *Slaughter v. State,* 99 Ga. App. 239 (108 SE2d 161) (1959). The jury may consider the conduct of the defendant before, during and after the commission of the crime to determine the defendant's intent and his participation in the crime to determine whether his conduct is sufficient corroboration of the accomplice's testimony to sustain the conviction. *Mercer v. State,* 68 Ga. App. 740 (24 SE2d 69) (1943). Testimony of one accomplice may be corroborated by the testimony of another accomplice. *Slaughter v. State,* 99 Ga. App. 239, supra.

We have reviewed all the evidence and after applying the rules set forth above, we find that the jury was authorized to find that the accomplice testimony was corroborated.

7. The state did not fail to prove the benefit appellant received in Count 14 (G.E. air conditioning unit installed at Richardson's home) and Count 22 (Trane air conditioning unit installed at Adams' building). Harrison testified that he provided both units at Whitfield's request. In view of Harrison's testimony that he always filled Whitfield's requests to "insure my work with the system," it is obvious that the appellant intended to receive some benefit, whatever might be his underlying motive.

8. There is no merit to appellant's contention that Harrison should not have been permitted to testify that the defendant solicited bribes because it was a separate offense for which he was not indicted. Evidence of another crime is admissible when it is part of a course of criminal conduct (which in this case led to receiving bribes) if it is a part of the res gestae. *Newman v. State,* 237 Ga. 376 (228 SE2d 790) (1976); *King v. State,* 230 Ga. 581 (198 SE2d 305) (1973).

9. It was not error for the trial court to deny appellant's motion in limine and later admit evidence as to the removal of serial numbers from certain appliances and a furnace which were found in Whitfield's home and at the place of business of the witness Adams. These items were alleged to have been supplied to the appellant as bribes. This evidence is admissible to show his attempt at concealment of the crimes and would imply his participation. Conduct before, during and after the commission of a crime is admissible to establish intent and participation. *Mercer v. State,* supra. This evidence was relevant as to his participation in the crimes.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JULY 9, 1981 —
REHEARING DENIED JULY 23, 1981

David R. Autry, for appellant.

Robert Keller, District Attorney, Michael D. Anderson, Assistant District Attorney, Arthur K. Bolton, Attorney General, for appellee.